1  RONALD K. ALBERTS (SBN 100017)
   TAD A. DEVLIN (SBN 190355)
2  AVO A. ADOURIAN (SBN 229900)
   GORDON & REES LLP
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendants
6  AETNA LIFE INSURANCE COMPANY, THE
   PARSONS BRINCKERHOFF GROUP
7  ADMINISTRATION, INC. SHORT TERM
   DISABILITY PLAN AND THE PARSONS
8  BRINCKERHOFF GROUP
   ADMINISTRATION, INC. LONG TERM
9  DISABILITY PLAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FOWLER,<br><br>                    Plaintiff,<br><br>     v.<br><br>AETNA LIFE INSURANCE COMPANY; THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. SHORT TERM DISABILITY PLAN; THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. LONG TERM DISABILITY PLAN; and DOES 1 through 20, INCLUSIVE,<br><br>                    Defendants. | CASE NO. 3:08-cv-03463 (MEJ)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] AND MOTION TO STRIKE [FED. R. CIV. P 12(F)]**<br><br>DATE:   September 18, 2008<br>TIME:   10 a.m.<br>DEPT:   Courtroom B<br>JUDGE:  Hon. Maria-Elena James<br><br>ORAL ARGUMENT REQUESTED |

AETNA/1051882/5834954v.1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS         Case No. 3:08-cv-03463 (MEJ)
[FED. R. CIV. P. 12(b)(6)] AND MOTION TO STRIKE [FED. R. CIV. P. 12(f)]

## Table of Contents

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 3 |
| II. | FACTUAL BACKGROUND | 3 |
| | A. Fowler's Complaint and The Plan | 3 |
| | B. Fowler's First Cause of Action - "Recovery of Employee Benefits" | 4 |
| | C. Fowler's Second Cause of Action - "Equitable Relief" | 5 |
| | D. The ERISA Plan | 6 |
| III. | LEGAL ANALYSIS | 6 |
| | A. Defendants' Motion to Strike Should Be Granted | 6 |
| | B. Defendants' Motion To Dismiss Should Be Granted | 6 |
| | C. ERISA Preemption | 7 |
| | D. It Is Undisputed The Parsons Brinckerhoff Plan Is Subject To ERISA | 7 |
| | E. Fowler's Claim For Equitable Relief Is Precluded Because It "Relates To" An ERISA Plan And She Has An Adequate Remedy Available Under ERISA [29 U.S.C. § 1132(a)(1)(B)] | 8 |
| | F. The Savings Clause Does Not Save Fowler's Claims | 9 |
| | G. Fowler's Claim For Equitable Relief Should Be Dismissed | 9 |
| | H. Fowler's Request For A Jury Trial Should Be Denied | 12 |
| IV. | CONCLUSION | 12 |

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Table of Authorities**

**Page(s)**

**Cases**

*Bast v. Prudential Ins. Co. of America*
  150 F.3d 1003 (9th Cir. 1998) .................................................................................. 6

*Borst v. Chevron Corp.*
  36 F.3d 1308 (5th Cir. 1994) ............................................................................. 3, 12

*Dishman v. UNUM Life Ins. Co. of America*
  269 F.3d 974 (9th Cir. 2001) .................................................................................. 3

*Ehrman v. Standard Ins. Co.*
  2007 WL 1288465 (May 2, 2007 N.D. Cal.) ........................................................ 10

*Finkelstein v. The Guardian Life Ins. Co. of America*
  2007 WL 4287329 (Dec. 5, 2007 N.D. Cal.) ........................................................ 10

*Ford v. MCI Communications Corp. Health & Welfare Plan*
  399 F.3d 1076 (9th Cir. 2005) .............................................................................. 10

*Forsyth v. Humana, Inc.*
  114 F.3d 1467 (9th Cir. 1997) ................................................................................ 6

*Great-West Life & Annuity Ins. Co. v. Knudson*
  534 U.S. 204 (2002) .............................................................................................. 10

*Ingersoll-Rand Co. v. McClendon*
  498 U.S. 133 (1990) ................................................................................................ 7

*Kanne v. Connecticut Gen. Life Ins. Co.*
  867 F.2d 489 (9th Cir. 1988) *cert. denied* ............................................................ 8

*Korotynska v. Metropolitan Life Ins. Co.*
  474 F.3d 101 (4th Cir. 2006) .......................................................................... 10, 11

*Long v. Flying Tiger Line, Inc.*
  994 F.2d 692 (9th Cir. 1993) .................................................................................. 7

*Mathews v. Chevron Corp.*
  362 F.3d 1172 (9th Cir. 2004) .............................................................................. 10

*Metropolitan Life Ins. Co. v. Taylor*
  481 U.S. 58 (1987) .................................................................................................. 7

*Pilot Life Ins. Co. v. Dedeaux*
  481 U.S. 41 (1987) .......................................................................................... 7, 8, 9

*Ramsey v. Formica Corp.*
  398 F.3d 421 (6th Cir. 2005) .................................................................................. 6

*Spinelli v. Gaughan*
  12 F.3d 853 (9th Cir. 1993) ............................................................................. 3, 12

*Thomas v. Oregon Fruit Products Co.*
  228 F.3d 991 (9th Cir. 2000) ............................................................................ 3, 12

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Table of Authorities (Continued)**

**Page(s)**

*Tingey v. Pixley-Richards West, Inc.*
  953 F.2d 1124 (9th Cir. 1992) ............................................................................................ 8

*Varity Corp. v. Howe,*
  516 U.S. 489 (1996) ................................................................................................... 10, 11

**Statutes**

29 United States Code
  § 1001 *et seq.* ...................................................................................................................... 1

29 United States Code
  § 1002(1) .............................................................................................................................. 7

29 United States Code
  § 1132 ................................................................................................................................ 10

29 United States Code
  § 1132(a) [ERISA § 502(a)] ................................................................................................ 7

29 United States Code
  § 1132(a)(1)(B) ..................................................................................................... 6, 8, 9, 11

29 United States Code
  § 1132(a)(3) [ERISA § 502(a)(3)] ......................................................................... 9, 10, 11

29 United States Code
  § 1144(a) [ERISA § 514(a)] ............................................................................................ 7, 9

29 United States Code
  § 1144(b)(2)(A) ................................................................................................................ 7, 9

Federal Rule of Civil Procedure
  12(b)(6) ....................................................................................................................... 1, 6, 7

Federal Rule of Civil Procedure
  12(f) ................................................................................................................................. 1, 6

**Other Authorities**

Croskey, et al, California Practice Guide
  Insurance Litigation § 6:1430.1 (The Rutter Group 2007) ............................................ 7

Croskey, et al, California Practice Guide,
  Insurance Litigation § 6:1725 (The Rutter Group 2007) ............................................ 10

Croskey, et al, California Practice Guide
  Insurance Litigation, § 6:1715 (The Rutter Group 2007) ........................................... 10

Croskey, et al., California Practice Guide
  Insurance Litigation § 6:1536 (The Rutter Group 2007) ........................................... 4, 9

Schwarzer, et al., California Practice Guide
  Cal. Fed. Civ. Proc. Before Trial § 9:233 (The Rutter Group 2007) ............................ 7

**Table of Authorities (Continued)**

**Page(s)**

Schwarzer, et al., California Practice Guide
    Cal. Fed. Civ. Proc. Before Trial § 16:45 (The Rutter Group 2007) ................................. 3, 12

Schwarzer, et al., California Practice Guide
    Cal. Fed. Civ. Proc. Before Trial §§ 9:383.5, 9:389 (The Rutter Group 2007) ......................... 3

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**DEFENDANTS' NOTICE OF MOTION TO DISMISS AND MOTION TO STRIKE**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on Thursday, September 18, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom B of the above-entitled court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, CA 94102, defendants Aetna Life Insurance Company, The Parsons Brinckerhoff Group Administration, Inc. Short Term Disability Plan and The Parsons Brinckerhoff Group Administration, Inc. Long Term Disability Plan (collectively referred to as "Defendants") will ask this Court to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiff Elizabeth Fowler's Second Cause of Action for Equitable Relief, because it is precluded and preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 832, as amended, 29 U.S.C. §§ 1001 *et seq.*

Defendants will also ask the Court to strike portions of the First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(f), specifically, Fowler's request for emotional distress damages and injunctive relief, because neither are recoverable under ERISA as a matter of law. Lastly, Defendants seek an order denying Fowler's request for a jury trial because there is no right to a jury trial under ERISA.

Defendants' motion is based on this notice, the attached memorandum of points and authorities, the supporting declaration and accompanying exhibits, the records and pleadings on file in this action, and on such further evidence, either oral or documentary, presented to this Court at the motion hearing.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 1 -

Defendants request oral argument at the motion hearing.

DATED: July 25, 2008                    GORDON & REES LLP

                                        By: _____
                                            Ronald K. Alberts
                                            Tad A. Devlin
                                            Avo A. Adourian
                                        Attorneys for Defendants
                                        AETNA LIFE INSURANCE COMPANY, THE
                                        PARSONS BRINCKERHOFF GROUP
                                        ADMINISTRATION, INC. SHORT TERM
                                        DISABILITY PLAN AND THE PARSONS
                                        BRINCKERHOFF GROUP ADMINISTRATION,
                                        INC. LONG TERM DISABILITY PLAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In this ERISA action plaintiff Elizabeth Fowler ("Fowler" or "Plaintiff") improperly asserts a claim for injunctive relief against Defendants Aetna Life Insurance Company ("Aetna"), The Parsons Brinckerhoff Group Administration, Inc. Short Term Disability Plan and The Parsons Brinckerhoff Group Administration, Inc. Long Term Disability Plan ("Parsons Brinckerhoff"), seeking unnecessarily broad remedies, including, among others, a permanent bar on Defendants to act as a plan fiduciary, based solely on the denial of benefits to Plaintiff pursuant to the disability plans at issue. To the extent Fowler seeks to maintain a state law claim in her Second Cause of Action for Equitable Relief, it is preempted by ERISA, and necessarily "relates to" an ERISA plan. Fowler improperly attempts to "obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort." See *Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 983 (9th Cir. 2001).

Fowler also attempts to obtain relief that is non-recoverable as a matter of law. Fowler's request for emotional distress damages and injunctive relief under her First Cause of Action and Second Cause of Action should be stricken from the complaint. See *Schwarzer, et al.*, Cal. Prac. Guide, Cal. Fed. Civ. Proc. Before Trial (The Rutter Group 2007) §§ 9:383.5, 9:389, cases cited therein.

Furthermore, Fowler's request for a jury trial is impermissible under ERISA. See *Schwarzer, supra*, Cal. Prac. Guide, Cal. Fed. Civ. Proc. Before Trial, § 16:45; *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 996 (9th Cir. 2000); *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994); *Spinelli v. Gaughan*, 12 F.3d 853, 857-858 (9th Cir. 1993).

## II.

## FACTUAL BACKGROUND

### A. Fowler's Complaint and The Plan

Fowler was employed as a transportation specialist for Parsons Brinckerhoff, and a participant in its temporary disability income plan and long-term disability plan (collectively the

- 3 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] AND MOTION TO STRIKE [FED. R. CIV. P. 12(f)]    Case No. 3:08-cv-03463 (MEJ)

"Plan") which benefits were insured by Aetna. (First Amended Complaint, hereinafter "FAC," ¶¶ 3-4, 7.) According to the Plan terms, Parsons Brinckerhoff is specifically identified as the Plan Administrator. (See Declaration of Gail Minoski ("Minoski Decl."), Ex. A (the Plan.)).

In her FAC, Fowler contends, under the Plan, "Aetna promised, in relevant part, to pay monthly benefits in the event that she became unable to perform with reasonable continuity in the usual and customary manner the material and substantial duties of her own occupation." (FAC, ¶ 7.) Fowler asserts that she became disabled and entitled to benefits under the terms of the Plan as a result of, *inter alia*, lumbar disc disease requiring 2-level disc replacement surgery. She alleges she is "unable to perform the substantial and material duties of her occupation." (FAC, ¶ 8.)

Shortly after becoming disabled, Fowler applied for benefits under the Plan. (FAC, ¶ 9.) Fowler contends Aetna wrongfully denied benefits on or about March 21, 2007, "[w]ithout conducting any reasonable or thorough investigation and without any evidence or information that [Fowler's] conditions had improved to allow a return to gainful employment." (FAC, ¶ 10.) She appealed Aetna's termination of benefits. (FAC, ¶ 11.) Fowler contends "Aetna purported to deny Plaintiff's appeal and maintained its denial of benefits" in letters dated December 4, 2007 and April 15, 2008. (FAC, ¶ 12.)

She alleges that "[a]s a result of the actions of Defendants, and each of them, [she] has been improperly denied disability benefits together with interest thereon and has suffered further and severe economic hardship and emotional distress." (FAC, ¶ 14.) Fowler re-alleges these specific damages for all causes of action set forth in her FAC. (FAC, ¶¶ 16, 23.)

Despite Fowler's attempt to plead around ERISA, all of her claims and remedies sought hinge on denial of benefits which necessarily "relate to" the Plan and are preempted by ERISA. See *Croskey, et al.,* Cal. Prac. Guide, Insurance Lit. (The Rutter Group 2007), § 6:1536, cases cited therein.

### B. Fowler's First Cause of Action - "Recovery of Employee Benefits"

In this motion, Defendants do not seek to dismiss Fowler's First Cause of Action for "Recovery of Employee Benefits." As a result of Aetna's alleged breach, Fowler contends she

- 4 -

"has been deprived of her disability benefits to which she was and is entitled and has suffered damage as set forth in Paragraphs 13-15 above." (FAC, ¶ 22.) However, she also improperly "seeks a declaration as to her entitlement to future benefits, to wit: an injunction prohibiting Defendants from terminating her benefits until the end of the maximum benefit period or such other declaration the Court deems proper." (FAC, ¶ 22.) To understand how unworkable and illogical Plaintiff's request is, assume she was placed back on benefit and caught on surveillance skydiving. Under Plaintiff's bogus request for injunctive relief, Defendants could not terminate her benefits. Defendants move to strike this portion of Fowler's First Amended Complaint where she wrongly seeks injunctive relief.

### C. Fowler's Second Cause of Action - "Equitable Relief"

Fowler's Second Cause of Action is for "Equitable Relief." (FAC, ¶¶ 23-31.) She contends Defendants were "fiduciaries with respect to their exercise of authority over the management of the [Plan]." (FAC, ¶ 24.) Fowler contends Defendants violated their duties by denying Plaintiff's claim, delaying the decision concerning Plaintiff's claim, failing to investigate all bases upon which to pay Plaintiff's claim, and asserting improper bases for denying Plaintiff's claim. (FAC, ¶ 28.)

Fowler further alleges "Defendants breached their fiduciary duties by misapplying, misinterpreting, and/or ignoring relevant provisions of the [Plan]..." (FAC, ¶ 29.) She blithely requests a blanket judgment permanently enjoining Defendants from interpreting the Plan "denying benefits based upon an interpretation of 'total disability' different from that required under applicable law and the [Plan], including the requirement that a claimant be unable to work with reasonable continuity in the usual and customary way; and [f]rom obtaining input from biased medical consultants who are not appropriately trained and experienced in the conditions that are the subject of the claim[.]" (FAC, ¶ 29.)

Fowler overreaches and broadly "requests judgment permanently enjoining Defendants from ever again serving as a fiduciary with respect to the [Plan], together with attorneys' fees and costs." (FAC, ¶ 30.) Fowler seeks a nonsensical "order by this Court that her total disability benefits be reinstated, that Defendants be enjoined from terminating benefits for the duration of

- 5 -

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the applicable maximum benefit period under the Plan, and that she be placed in the position she would have been in had she been paid the benefits to which she is entitled, including, without limitation, interest, attorneys fees and other losses resulting from Defendants' breach." (FAC, ¶ 31.)

Fowler's request for equitable relief is inappropriate because ERISA [29 U.S.C. § 1132(a)(1)(B)] provides an available adequate remedy if Fowler prevails on her claim for recovery of benefits. See *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997).

### D. The ERISA Plan

Plantiff is a participant under an employee group Plan sponsored and administered by her employer Parsons Brinckerhoff. (FAC, ¶¶ 3-4, 7; Minoski Decl., ¶ 2, Ex. A.)

### III.

### LEGAL ANALYSIS

#### A. Defendants' Motion to Strike Should Be Granted

Federal Rule of Civil Procedure 12(f) permits a motion to strike when it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation and is not recoverable as a matter of law. Fowler's request to recover for emotional distress, alleged in the FAC ¶¶ 14, 16, 22, and 23, is precluded under ERISA. See *Bast v. Prudential Ins. Co. of America*, 150 F.3d 1003, 1009 (9th Cir. 1998) [ERISA claims for loss of chance of survival, for out of pocket costs, loss of income, loss of consortium, and emotional distress are all extracontractual or compensatory damages, which are not recoverable under ERISA.].

Furthermore, Fowler's request for injunctive relief in her First Cause of Action to recover benefits, alleged in the FAC ¶¶ 22, 23, and prayer for relief, should be stricken because it is not recoverable under ERISA. *Ramsey v. Formica Corp.*, 398 F.3d 421, 425 (6th Cir. 2005) [injunctive relief not recoverable under an ERISA recovery of benefits claim.].

#### B. Defendants' Motion To Dismiss Should Be Granted

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for failure to state a cause of action. Matters "outside" the complaint can be deemed part thereof for purposes of a 12(b)(6) motion including documents referred to in the complaint as a basis for the claim – the

- 6 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] AND MOTION TO STRIKE [FED. R. CIV. P. 12(f)]    Case No. 3:08-cv-03463 (MEJ)

Plan – or matters subject to judicial notice. These matters may be shown by a 12(b)(6) motion without "converting" it to a summary judgment motion. See *Schwarzer, supra,* Cal. Fed. Civ. Proc. Before Trial, § 9:233.

### C. ERISA Preemption

To the extent Fowler purports to assert state law claims, they are preempted by ERISA. The Ninth Circuit recognizes "[t]he interpretation of ERISA, a federal statute, is a question of law subject to de novo review." *Long v. Flying Tiger Line, Inc.,* 994 F.2d 692, 694 (9th Cir. 1993).

ERISA's broad preemption of state law claims applies if: (1) an ERISA benefit plan exists; (2) the state claims "relate to" an employee benefit plan; and (3) the state claim is not "saved" from ERISA's broad preemptive scheme by operation of ERISA's "savings clause" relating to state laws which solely regulate insurance. See 29 U.S.C. §§ 1144(a) and 1144(b)(2)(A); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45-48 (1987); *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133 (1990).

ERISA section 514(a) [29 U.S.C. § 1144(a)] expressly preempts state laws that "relate to" employment benefit plans … except state laws "regulating insurance." This express preemption provision is a defense to state law claims "relating to" an ERISA plan. See *Croskey, et al, supra,* Cal. Prac. Guide, Insurance Lit., § 6:1430.1, cases cited therein.

ERISA section 502(a) [29 USC § 1132(a)] provides the exclusive remedies to recover benefits due or to enforce or clarify rights under an ERISA plan, thereby impliedly preempting state law remedies. Under this provision, state law claims seeking relief available under ERISA are "completely preempted" because this provision provides the exclusive remedy for loss or denial of ERISA benefits. See *Croskey, et al, supra,* Cal. Prac. Guide, Insurance Lit., § 6:1430.1; *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64 (1987).

### D. It Is Undisputed The Parsons Brinckerhoff Plan Is Subject To ERISA

ERISA applies to any "employee benefit plan." Under 29 U.S.C. § 1002(1), ERISA defines an employee benefit plan as follows:

> . . . any plan, fund or program which was . . . established or maintained by an

- 7 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS     Case No. 3:08-cv-03463 (MEJ)
[FED. R. CIV. P. 12(b)(6)] AND MOTION TO STRIKE [FED. R. CIV. P. 12(f)]

employer or by an employee organization, or by both, to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness . . .

Here, Fowler was covered under the Parsons Brinkerhoff Plan. Fowler concedes the "Plan is an employee welfare benefit plan governed by [ERISA]." (FAC, ¶¶ 3-4.)

### E.  Fowler's Claim For Equitable Relief Is Precluded Because It "Relates To" An ERISA Plan And She Has An Adequate Remedy Available Under ERISA [29 U.S.C. § 1132(a)(1)(B)]

Fowler's Second Cause of Action for Equitable Relief is preempted because it "relates to" the Parsons Brinkerhoff ERISA Plan. *Pilot Life Ins. Co., supra,* 481 U.S. at 47 [plaintiff's state law causes of action are preempted as they all related to the benefit plan because he was suing to recover benefits under the plan.]; *see also Kanne v. Connecticut Gen. Life Ins. Co.,* 867 F.2d 489, 493 (9th Cir. 1988) *cert. denied,* 492 U.S. 906 (1989) [holding state law claims "arising from the improper processing of a claim are preempted by ERISA."]; *Tingey v. Pixley-Richards West, Inc.,* 953 F.2d 1124, 1131 (9th Cir. 1992) [holding plaintiff's state law claims "spring from the handling and disposition of [his] medical benefits insurance claim, and thus are subject to preemption."].

Fowler attempts to spin her individual disability benefits claim into a purely speculative action purportedly on behalf of the entire Plan. Even *if* Fowler's fanciful theory was valid, which Defendants vehemently deny, her allegations do not concern Plan theft, shoddy financial transactions causing the Plan monetary losses, self-dealing by Plan trustees or anything remotely close. Her claim is solely for <u>her</u> benefits under the Plan.

In *Pilot Life Ins. Co., supra,* 481 U.S. 41, the United States Supreme Court held ERISA preemption was not limited solely to state statutes and rules, but included common law causes of action related to ERISA plans. ERISA's preemptive provisions are "deliberately expansive." *Id.* at 45-46. A state law is deemed to "relate to" an employee plan "if it has a connection with or reference to such a plan." *Id.* at 47.

A leading commentator on ERISA preemption states, "[v]irtually all actions brought by

plan participants or beneficiaries based on failure to pay plan benefits "relate to" an ERISA plan and are preempted." See *Croskey, et al, supra,* Cal. Prac. Guide, Insurance Lit., § 6:1536. This includes state law tort claims, for example, tortious breach of contract, breach of fiduciary duty, or fraud in the inducement. *Id.*

Here, Fowler attempts to plead around the ERISA bar by seeking remedies for breach of fiduciary duty in her Second Cause of Action. (FAC ¶¶ 23-31.) Fowler's Second Cause of Action necessarily "relates to" an ERISA plan because her sole basis for recovery is the alleged wrongful termination of benefits under the Plan. (FAC, ¶ 11-14.) Fowler's pleading concerns the administration of the Parsons Brinckerhoff Plan and benefit determination. This requires an interpretation of the Plan terms. One of the primary indicators a claim "relates to" an ERISA plan is where, as here, resolution of the claim necessitates examination and interpretation of the plan documents themselves.

### F. The Savings Clause Does Not Save Fowler's Claims

The savings clause protects state laws regulating insurance from the breadth of ERISA preemption. 29 U.S.C § 1144(b)(2)(A).

Fowler's action does not fall under the savings clause exception to ERISA preemption, because she is not bringing an action to enforce a state law governing insurance. Rather, as in *Pilot Life,* Fowler seeks to recover benefits under the Parsons Brinkerhoff ERISA Plan. In *Pilot Life,* the United States Supreme Court held the savings clause did not apply to this scenario because "[t]he common law causes of action raised in [plaintiff's] complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for pre-emption under § 514(a) (29 U.S.C. § 1144(a))." *Pilot Life, supra,* 481 U.S. at 48.

### G. Fowler's Claim For Equitable Relief Should Be Dismissed

Fowler's claim for equitable relief should be dismissed because Fowler has a remedy under ERISA for the alleged wrongful termination of benefits in her First Cause of Action made under ERISA, 29 U.S.C. § 1132(a)(1)(B). (FAC, First Cause of Action.) ERISA § 502(a)(3) authorizes a plan participant, beneficiary or fiduciary to sue to enjoin violations of ERISA or the

- 9 -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS    Case No. 3:08-cv-03463 (MEJ)
[FED. R. CIV. P. 12(b)(6)] AND MOTION TO STRIKE [FED. R. CIV. P. 12(f)]

terms of the plan or "for other appropriate equitable relief" to redress such violations. See 29 U.S.C. § 1132(a)(3); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1183–1185 (9th Cir. 2004).

Section 502(a)(3) is referred to as a "catchall" provision allowing relief for breach of fiduciary duty where "appropriate," meaning only where no other adequate relief is provided by ERISA. See *Croskey, et al, supra,* Cal. Prac. Guide, Insurance Lit., § 6:1715; *Varity Corp. v. Howe,* 516 U.S. 489, 508-516 (1996) [limiting plaintiff's right to bring breach of fiduciary duty claim only in situation where there was no other adequate relief under ERISA; *Ford v. MCI Communications Corp. Health & Welfare Plan,* 399 F.3d 1076, 1081 (9th Cir. 2005) [court refused relief under "catchall" provision where plaintiff asserted specific claims under other ERISA provisions]. Relying on *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 221 n. 5 (2002), *Ford* stated "[t]he Supreme Court has held that '[29 U.S.C. § 1132(a)(3)] is a catchall provision that acts as a safety net, offering appropriate equitable relief for injuries caused by violations that [29 U.S.C. § 1132] does not elsewhere adequately remedy.'" *Ford, supra,* 399 F.3d at 1083.

Section 502(a)(3) enables courts to grant only injunctions against any violation of ERISA or the terms of the plan; or "other appropriate equitable relief" to redress such violations or to enforce the terms of the plan. 29 U.S.C. § 1132(a)(3). Moreover, "[m]ost courts hold the equitable relief available under § 1132(a)(3) is limited to injuries not adequately redressed elsewhere in ERISA." See *Croskey, et al, supra,* Cal. Prac. Guide, Insurance Lit., § 6:1725; *Korotynska v. Metropolitan Life Ins. Co.*, 474 F.3d 101, 106–107 (4th Cir. 2006) [citing cases holding equitable relief not appropriate to seek review of benefits denials]. Fowler's effort here is nothing more than an attempt to disguise her benefit claim as a claim on behalf of the entire Plan, seeking outrageous remedies for the same alleged wrongful conduct – denial of Fowler's benefits. See *Finkelstein v. The Guardian Life Ins. Co. of America*, 2007 WL 4287329, * 5 (Dec. 5, 2007 N.D. Cal.) and *Ehrman v. Standard Ins. Co.*, 2007 WL 1288465 * 5 (May 2, 2007 N.D. Cal.) [granting defendants' 12(b)(6) motion to dismiss plaintiff's claim for breach of fiduciary duty where claim was for plaintiff's recovery of benefits, not plan's benefits].

In *Korotynska,* the plaintiff alleged defendant fiduciary breached its duties to her and

- 10 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS    Case No. 3:08-cv-03463 (MEJ)
[FED. R. CIV. P. 12(b)(6)] AND MOTION TO STRIKE [FED. R. CIV. P. 12(f)]

other benefits plan participants by engaging in improper claims procedures designed to deny valid claims for long-term disability benefits. Plaintiff sought equitable relief under ERISA section 502(a)(3). The court of appeals affirmed the district court decision granting judgment on the pleadings because the form of relief requested was not available under ERISA. The court of appeals held individualized equitable relief under section 502(a)(3) [29 U.S.C. § 1132(a)(3)] is normally appropriate only for injuries that do not find adequate redress in ERISA's other provisions. Because adequate relief was available for the plaintiff's injury through review of her individual benefits claim under ERISA, 29 U.S.C. § 1132(a)(1)(B), relief under 29 U.S.C. § 1132(a)(3) was not available. *Id.* at 102-103.

*Korotynska* rejected plaintiff's reliance on *Varity Corp. v. Howe*, 516 U.S. 489 (1996), for the proposition that her claim for equitable relief was appropriate, and stated:

> The great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3). *See, e.g., Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir.2006); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287-88 (11th Cir.2003); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610-11 (5th Cir.1998); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615-16 (6th Cir.1998); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474-75 (9th Cir.1997); *Wald v. Sw. Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir.1996).
>
> These courts have not allowed claimants to proceed with § 1132(a)(3) claims where relief was potentially available to them under § 1132(a)(1)(B), because, in *Varity*, "[t]he Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies." *Wilkins*, 150 F.3d at 615. A plaintiff whose injury consists of a denial of benefits "has adequate relief available for the alleged improper denial of benefits through his right to sue [the benefit plan] directly under section 1132(a)(1)," and thus "relief through the application of Section 1132(a)(3) would be inappropriate." *Tolson*, 141 F.3d at 610. To allow a claim under § 1132(a)(3) would permit "ERISA claimants to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected." *Wilkins*, 150 F.3d at 616.

*Korotynska, supra*, 474 F.3d at 106-107.

Here, the analysis is the same and Fowler's Second Causes of Action cannot lie. Fowler has appropriate redress under ERISA for Defendants' alleged improper termination of benefits under Fowler's First Cause of Action for Recovery of Employee Benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). Defendants do not, at this time, seek dismissal of Fowler's First Cause of Action. However, Fowler's Second Cause of Action for Equitable Relief is improper and should

- 11 -
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS    Case No. 3:08-cv-03463 (MEJ)
[FED. R. CIV. P. 12(b)(6)] AND MOTION TO STRIKE [FED. R. CIV. P. 12(f)]

be dismissed.

### H. Fowler's Request For A Jury Trial Should Be Denied

Fowler requests a jury trial, which is not provided for under ERISA. Ninth Circuit authority is clear on this point. See *Schwarzer, et al., supra,* Cal. Fed. Civ. Proc. Before Trial, § 16:45; *Thomas, supra,* 228 F.3d 991 at 996; *Borst, supra,* 36 F.3d at 1324; *Spinelli, supra,* 12 F.3d at 857. Aetna seeks an order denying Fowler's request for a jury trial.

## IV.

## CONCLUSION

This Court should grant Defendants' Motion to Dismiss Plaintiff's Second Cause of Action with prejudice and strike Plaintiff's request to recover for emotional distress and injunctive relief under Plaintiff's First Cause of Action.

Fowler's Second Cause of Action for Equitable Relief is precluded by ERISA because Fowler has an adequate available remedy under ERISA for the alleged wrongful termination of benefits. Fowler's attempts to artfully plead around ERISA preemption does not rescue her claims from the ERISA rules.

Fowler's request for emotional distress damages and injunctive relief are not recoverable under ERISA, and should be stricken.

In addition, Fowler's request for a jury trial should be denied because a jury trial is not permissible under ERISA.

DATED: July 25, 2008

GORDON & REES LLP

By: _____
Ronald K. Alberts
Tad A. Devlin
Avo A. Adourian
Attorneys for Defendants
AETNA LIFE INSURANCE COMPANY, THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. SHORT TERM DISABILITY PLAN AND THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. LONG TERM DISABILITY PLAN

5832243

- 12 -