1  Terrence J. Coleman (State Bar No. 172183)
   Brian H. Kim        (State Bar No. 215492)
2  PILLSBURY & LEVINSON, LLP
   The Transamerica Pyramid
3  600 Montgomery St., 31st Floor
4  San Francisco, California 94111
   Telephone: (415) 433-8000
5  Facsimile:  (415) 433-4816
   Email: tcoleman@pillsburylevinson.com, bkim@pillsburylevinson.com
6
7  Attorneys for Plaintiff,
   ELIZABETH FOWLER
8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
11

12  ELIZABETH FOWLER,                   )   Case No.  CV-08-3463 (MEJ)
                                        )
13              Plaintiff,              )   **PLAINTIFF'S OPPOSITION TO**
                                        )   **DEFENDANTS' MOTION TO**
14  v.                                  )   **DISMISS [FED. R. CIV. P. 12(b)(6)]**
                                        )   **AND MOTION TO STRIKE [FED.**
15  AETNA LIFE INSURANCE COMPANY;       )   **R. CIV. P. 12(f)**
16  THE PARSON BRINCKERHOFF GROUP       )
    ADMINISTRATION INC. SHORT TERM      )   DATE:      September 18, 2008
17  DISABILITY PLAN; THE PARSONS        )   TIME:      TBA
    BRINCKERHOFF GROUP                  )   DEPT:      TBA
18  ADMINISTRATION, INC. LONG TERM      )   JUDGE:     TBA
19  DISABILITY PLAN; and DOES 1 through )
    20,                                 )
20                                      )
21              Defendants.
    _____
22
23
24
25
26
27
28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS/MOTION TO STRIKE     CV-08-3463 (MEJ)

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED ............................................. 2

III. FACTUAL AND PROCEDURAL BACKGROUND ..................................... 2

IV. ARGUMENT .................................................................................................... 3

    A. Plaintiff's Claim Under ERISA § 502(a)(3) Is Permissible ................. 3

        1. There is No Bar to Bringing Both ERISA §§ 502(a)(3) and 502(a)(1)(B) Claims In the Same Action When ERISA § 502(a)(1)(B) Cannot Provide Complete Relief ..................... 4

    B. The United States Solicitor General and Department of Labor Agree That "Make-Whole" Monetary Relief Is Available Under 502(a)(3) ............................................................................................... 6

    C. Fowler Is Entitled to a Jury Trial For Her Claim For Benefits Under the Aetna Policy ............................................................................ 9

V. CONCLUSION ............................................................................................... 10

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

# TABLE OF AUTHORITIES

**Cases**

*Aetna Health, Inc. v. Davila*
 542 U.S. 200 (2004)......................................................................................2, 7, 8

*Caplan v. CNA Short Term Disability* Plan
 479 F. Supp. 2d 1108....................................................................................4, 5, 6

*DiFelice v. Aetna U.S. Healthcare*
 346 F.3d 442 (3rd Cir. 2003).................................................................................8

*Ehrman v. Standard Ins. Co.*
 2007 WL 1288465 (N.D. Cal. 2007)............................................................4, 5, 6

*Finkelstein v. The Guardian Life Ins. Co. of America*
 2007 WL 4287329 (N.D. Cal. 2007)..................................................................5, 6

*Forsythe v. Humana*
 114 F.3d 1467 (9th Cir. 1997)...............................................................................4

*Great-West Life & Annuity Ins. Co. v. Knudson*
 534 U.S. 204 (2002)............................................................................................7, 9

*Korotynska v. Met. Life Ins. Co.*
 474 F.3d 101 (4th Cir. 2006)..................................................................................5

*Massachusetts Mut. Life Ins. Co. v. Russell*
 473 U.S. 134 (1985)...............................................................................................4

*McLeod v. Oregon Lithoprint, Inc.*
 102 F.3d 376 (9th Cir. 1996).................................................................................4

*Mertens v. Hewitt Assocs.*
 508 U.S. 248 (1993)...............................................................................................6

*Metropolitan LifeIns. Co. v. Glenn*
 128 S. Ct. 2343 (2008) ..........................................................................................8

*Spinelli v. Gaughn*
 12 F.3d 853 (9th Cir. 1993)................................................................................10

*Varity Corp. v. Howe*
 516 U.S. 489 (1996).........................................................................................1, 4

# TABLE OF AUTHORITIES (cont.)

**Codes**

Employment Retirement Income Security Act § 502(a)(1)(B),
    29 U.S.C. § 1132(a)(1)(B) ............................................................................ passim

Employment Retirement Income Security Act § 502(a)(3),
    29 U.S.C. § 1132(a)(3) ................................................................................... passim

## I. INTRODUCTION

In this disability insurance action governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., Plaintiff Elizabeth Fowler has brought claims under ERISA for the following three types of relief:

(1) for the recovery of disability benefits that have been wrongfully withheld from her by Defendants Aetna Life Insurance Company ("Aetna"), the Parsons Brinckerhoff Group Administration, Inc. Short Term Disability Plan (the "STD Plan") and Parsons Brinckerhoff Group Administration, Inc. Long Term Disability Plan (the "LTD Plan"), pursuant to ERISA § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B);

(2) for appropriate equitable and injunctive relief, including but not limited to removing Aetna as a fiduciary of the STD and LTD Plans and/or prohibiting Aetna from performing various acts in administering claims under the STD and LTD Plans, pursuant to ERISA § 502(a)(3), codified at 29 U.S.C. § 1132(a)(3); and

(3) for equitable "make-whole" monetary relief, pursuant to ERISA § 502(a)(3).

Defendants' Motion to Dismiss and Motion to Strike seek to remove Plaintiff's request for general damages, including damages for emotional distress, as well as Plaintiff's request for a jury trial. Defendants argue: (1) Plaintiff's remedies under ERISA are limited to past disability benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); and (2) Plaintiff's jury trial demand should be dismissed because jury trials are not available in ERISA cases.

Defendants' motions should be denied for the following reasons. First, Defendants focus exclusively on the remedies available under ERISA § 502(a)(1)(B) and fail to acknowledge that Plaintiff may pursue these additional remedies, including equitable "make-whole" relief, pursuant to ERISA §502(a)(3). The Supreme Court in *Varity Corp. v. Howe*, 516 U.S. 489 (1996) held ERISA § 502(a)(3) could provide

individual equitable relief where relief under § 502(a)(1)(B) is inadequate. It is not enough that Plaintiff simply be awarded her past benefits and put back on claim with Aetna continuing as the claims fiduciary free to do the same thing to her all over again; such relief does not compensate her for the consequential financial hardship she and her family have suffered or the emotional distress caused by Aetna's unjustified withholding of disability benefits needed for survival.

The United States Solicitor General and the Department of Labor agree that "make-whole" monetary relief is available under ERISA § 502(a)(3) as "other appropriate equitable relief." Such monetary relief was designed to place the Plaintiff in the position she was in before the breach, relief typically available in equity. *See* Req. Jud. Not., Exh. B (*Brief of United States as Amicus Curia in Favor of Petitioner*, filed December 2003 in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004)), p. 27 fn. 13.

Second, Defendants rely upon old cases for the proposition that jury trials are never allowed in ERISA cases. In fact, recent Supreme Court authority has clarified that Plaintiff's claim for the recovery of her withheld disability benefits under ERISA §502(a)(1)(B) is a *legal* claim for money damages. Accordingly, Plaintiff has a constitutional right to a jury trial as to her first cause of action for benefits due.

## II.   STATEMENT OF ISSUES TO BE DECIDED

1.   Should Plaintiff's claim for equitable relief under ERISA § 502(a)(3) seeking injunctive and make-whole relief be allowed to proceed past the motion to dismiss stage?

2.   Does ERISA § 502(a)(3) authorize "make-whole" equitable relief as sought in the Plaintiff's Complaint?

3.   Is Plaintiff entitled to a jury trial in an ERISA case, if her claim for disability benefits under ERISA §502(a)(1)(B) is a *legal* claim for money damages?

## III.   FACTUAL AND PROCEDURAL BACKGROUND

Fowler was employed as a transportation specialist for Parsons Brinckerhoff and was enrolled in the STD and LTD Plans, which were insured by Aetna. While still

enrolled in the Plans, she became disabled as a result of lumbar disc disease requiring 2-level disc replacement surgery.

Fowler accordingly submitted her claim for benefits to Aetna. At all times, Aetna acted as the actual plan administrator. On or around October 12, 2006, Aetna wrongfully denied benefits without conducting a reasonable or thorough investigation and without any evidence that her conditions had improved to allow her to return to gainful employment. Fowler timely appealed Aetna's denial of benefits and provided additional evidence to confirm her continuing and permanent disability. In letters dated December 4, 2007 and April 15, 2008, Aetna upheld its denial of benefits.

On June 18, 2008, Fowler filed her First Amended Complaint in San Francisco Superior Court against Aetna and the Plan, stating two causes of action under ERISA. *See* Req. Jud. Not., Exh. A. The First Cause of Action is identified as a cause of action for recovery of benefits under ERISA § 502(a)(1)(B). The Second Cause of Action is identified as a cause of action for equitable relief pursuant to under ERISA § 502(a)(3), and seeks "appropriate equitable relief from each of the Defendants." Among other things, the Complaint seeks equitable "make-whole" relief. *See* Req. Jud. Not., Exh. A, ¶¶ 14-15, 29-31 (pp. 3, 7-8).

## IV. ARGUMENT

### A. Plaintiff's Claim Under ERISA § 502(a)(3) Is Permissible

In addition to having an express right to sue to recover benefits under ERISA § 502(a)(1)(B), participants and beneficiaries may also seek equitable relief in connection with a benefits dispute. ERISA § 502(a)(3) provides ERISA plan participants and beneficiaries with standing to bring a civil suit: "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan. . ." 29 U.S.C. § 1132(a)(3).

Here, Plaintiff seeks Aetna's removal and injunctive relief as discussed above

1  under ERISA § 502(a)(3) as well. Moreover, there is no limitation that her ERISA §
2  502(a)(3) claim be brought on behalf of the Plan as a whole as is the case with her
3  claim under ERISA § 502(a)(2). *Compare, Varity Corp. v. Howe*, 516 U.S. 489 (1996) and
4  *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985).

        1.    **There is No Bar to Bringing Both ERISA §§ 502(a)(3) and 502(a)(1)(B) Claims In the Same Action When ERISA § 502(a)(1)(B) Cannot Provide Complete Relief.**

7        Defendants misread *Varity* by suggesting that ERISA §§ 502(a)(3) and
8  502(a)(1)(B) claims cannot be brought in the same action. In fact, the Supreme Court
9  in *Varity* construed ERISA civil enforcement scheme expansively and held that ERISA
10 § 502(a)(3) is a "catch-all" provision guaranteeing individual ERISA plan participants
11 the right to adequate recovery for breaches of fiduciary duty. *Varity*, 516 U.S. at 509-
12 13. The Ninth Circuit has stated that *Varity* "effectively overturn[ed]" a prior holding
13 by the Circuit that a plaintiff is precluded from pursuing any individual relief for
14 breach of fiduciary duty. *See, McLeod v. Oregon Lithoprint, Inc.*, 102 F.3d 376, 377-78
15 (9th Cir. 1996). In fact, a § 502(a)(3) claim is only improper where a participant may
16 obtain complete, or *"adequate"* relief. *Forsythe v. Humana*, 114 F.3d 1467, 1475 (9th Cir.
17 1997).

18       Courts have repeatedly denied motions to dismiss claims under ERISA §
19 502(a)(3) even if the relief sought does not reach all plan participants. Recently, the
20 Northern District has held in three cases with identical facts to this case that a plaintiff
21 may proceed with an § 502(a)(3) claim if the plaintiff "allege[s] wrongful conduct that,
22 although not affecting all plan participants, does go beyond the mere wrongful
23 calculation of benefits." *Caplan v. CNA Short Term Disability* Plan, 479 F.Supp.2d 1108,
24 1112; *Ehrman v. Standard Ins. Co.*, 2007 WL 1288465, at *4 (N.D. Cal. 2007);
25 *Finkelstein v. The Guardian Life Ins. Co. of America*, 2007 WL 4287329, at *4 (N.D. Cal.

PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor · San Francisco, CA 94111

2007).³

In *Caplan*, the court held that the plaintiff's allegations for equitable relief, including those seeking the removal of the claims administrator Hartford, should not be stricken from the complaint because they differed from remedies available under ERISA § 502(a)(1)(B). *See, Caplan*, 479 F.Supp.2d at 1112. The court concluded that it would be premature to dismiss the equitable relief claim at the motion to dismiss stage.

In *Ehrman*, the plaintiff alleged "some form of self-dealing through the intentional adoption of biased claim practice and procedures . . . which are systematically designed to increase the financial profitability of Defendant." *Ehrman, supra*, 2007 WL 1288465, at *4. The court held that the defendant's breaches of fiduciary duty could not be remedied through an award of benefits and allowed an ERISA § 502(a)(3) claim to proceed. *See id.* Similarly, in *Finkelstein*, the court rejected the defendants' motion to dismiss the plaintiff's ERISA § 502(a)(3) claim. The court held that the plaintiff set forth allegations beyond the denial of benefits by alleging that the defendant systematically denied legitimate claims to boost profits, that it unreasonably failed to investigate the basis for denying claims, and that it unreasonably failed to apply reasonable standards for investigating and processing claims. *See, Finkelstein, supra*, 2007 WL 4287329, at *4.

Moreover, the Northern District rejected the identical arguments made by Defendants' counsel (Gordon & Rees LLP) in another ERISA action, holding that it was simply premature to dismiss an ERISA section 502(a)(3) equitable relief claim at the motion to dismiss stage. *See* Req. Jud. Not., Exh. C (*Edwards v. The Prudential Life Ins. Co. of Amer.*, C 07-05807 (N.D. Cal. January 7, 2008), at * 11-12).

---

³ Aetna's reliance on the Fourth Circuit's opinion in *Korotynska v. Met. Life Ins. Co.* 474 F.3d 101 (4ᵗʰ Cir. 2006) is misplaced, because *Korotynska*'s holding was based on the implicit assumption that the court can look beyond the pleadings at the motion to dismiss stage. The *Finkelstein* court held that it was inappropriate at the pleading stage to make such an assumption, because at the motion to dismiss stage the court must accept the plaintiff's allegations as true. *See Finkelstein*, 2007 WL 4287329, at *4, fn. 1.

Here, as was the case in *Caplan, Edwards, Ehrman* and *Finkelstein*, ERISA § 502(a)(1)(B) does not provide adequate relief. Edwards' Complaint does not merely assert an erroneous denial of benefits. Instead, it asserts that Aetna has a pattern and practice of denying legitimate claims in order to boost profits. *See* Req. Jud. Not., Exh. A, ¶¶ 28G-H (p. 7). In order to further that practice, it misinterprets policy terms, ignores claimants' realistic job prospects, and ignores the specific duties of supposed gainful occupations.

ERISA § 502(a)(1)(B) permits the recovery of past benefits, interest and attorneys' fees, but if Plaintiff prevailed on this claim, she would then be placed *back on claim* subject to Aetna's further improper claims handling practices. ERISA § 502(a)(1)(B) does not allow for redress concerning ongoing claims handling activities. Insurers with financial incentives to terminate claims who intentionally apply the incorrect definition of disability should not be allowed to continue as a fiduciary, at least without some sort of oversight procedures. Yet, without additional relief under ERISA section 502(a)(3), this is exactly what would happen.

**B.    The United States Solicitor General and Department of Labor Agree That "Make-Whole" Monetary Relief Is Available Under 502(a)(3)**

Relief under § 502(a)(1)(B) is also inadequate in another important respect — it does not return Plaintiff to the position she would have been in had Aetna not committed its breach of fiduciary duty. That relief provides Plaintiff with past benefits, interest and attorneys' fees, but does nothing to redress the consequential economic harm she has been forced to endure, or the emotional trauma and anxiety needlessly occasioned by Aetna's withholding of sorely needed disability benefits.

The United States Supreme Court has never squarely addressed whether ERISA § 502(a)(3) authorizes an award of money damages against a *fiduciary* such as Aetna. Instead, *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993) concerned liability of a non-fiduciary. On the other hand, the Supreme Court recently recognized that the "equitable relief" authorized by ERISA § 502(a)(3) means relief typically available in

equity for breach of trust. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 217 (2002). "Make-whole" relief, *i.e.*, money damages designed to place the Plaintiff in the position she would have been had the breach not occurred, was typically available in courts of equity. *See* Restatement (Second) of the Law of Trusts, §§ 2 cmts. e and f, 197 (1959). A beneficiary could maintain a suit in equity to obtain various forms of relief, including "to compel the trustee to redress a breach of trust." *Id.*, § 199(a)-(c). The trustee's liability in the event of a breach gave rise to various alternative remedies, including a remedy that "will put [the beneficiary] in the position in which he would have been if the trustee had not committed the breach of trust." *Id.*, § 205 & cmt. a.

It is for these reasons that the United States Solicitor General and Department of Labor recently explained to the United States Supreme Court in their amicus brief filed in *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004) that ERISA § 502(a)(3) should allow for the recovery of "make-whole" monetary relief. As the government explained, "after *Great-West*, the government has taken the position in several cases pending in courts of appeals that Section 502(a)(3) allows at least some forms of 'make-whole' relief against a breaching fiduciary in light of the general availability of such relief in equity at the time of the divided bench." Req. Jud. Not., Exh. B, p. 27 fn.13.

The Court in *Davila* did not reach the issue of "make-whole" relief because it was not squarely before the Court. Nevertheless, oral argument included several justices' expression of concern for the inadequacy of relief under ERISA § 502(a)(1)(B) and the possibility that such an interpretation of § 502(a)(3) could fill the gap. Indeed, Justice Ginsburg wrote a concurring opinion, in which Justice Breyer joined, to specifically highlight the issue.

Justice Ginsburg acknowledged a "rising judicial chorus urging that Congress and [this] Court revisit what is an unjust and increasingly tangled ERISA regime." *Davila*, 542 U.S. at ___, quoting *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 453 (3rd

Cir. 2003) (Becker, J., concurring). "Because the Court has coupled an encompassing interpretation of ERISA's preemptive force with a cramped construction of the "equitable relief" allowable under § 502(a)(3), a "regulatory vacuum" exists: "[V]irtually all state law remedies are preempted but very few federal substitutes are provided." *Id.* at 456 (internal quotation marks omitted)." *Id.*

Justices Ginsburg and Breyer specifically urged Courts such as the present one to consider anew the availability of "make-whole" or some form of compensatory damages for a breach of fiduciary duty and predicted the Court would one day expressly uphold a participant's ability to pursue such damages:

> As the array of lower court cases and opinions documents, *see, e.g., DiFelice; Cicio v. Does*, 321 F.3d 83 (C.A.2 2003), cert. pending *sub nom. Vytra Healthcare v. Cicio*, No. 03-69, 72 USLW 3093 (2003), fresh consideration of the availability of consequential damages under § 502(a)(3) is plainly in order. *See* 321 F.3d. at 106, 107 (Calabresi, J., dissenting in part) ("gaping wound" caused by the breadth of preemption and limited remedies under ERISA, as interpreted by this Court, will not be healed until the Court "start[s] over" or Congress "wipe[s] the slate clean"); *DiFelice*, 346 F.3d, at 467 ("The vital thing ... is that either Congress or the Court act quickly, because the current situation is plainly untenable."); Langbein, *What ERISA Means by "Equitable": The Supreme Court's Trail of Error in Russell, Mertens, and Great-West*, 103 Colum. L.Rev. 1317, 1365 (2003) (hereinafter Langbein) ("The Supreme Court needs to ... realign ERISA remedy law with the trust remedial tradition that Congress intended when it provided in § 502(a)(3) for] 'appropriate equitable relief.' ").

\* \* \*

> "Congress ... intended ERISA to replicate the core principles of trust remedy law, including the make-whole standard of relief." *Langbein* 1319. I anticipate that Congress, or this Court, will one day so confirm.

542 U.S. at 223-24.

Make-whole relief is particularly warranted in ERISA cases involving breaches of fiduciary duty, given the Supreme Court's recent statement in *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008) that ERISA imposes "higher-than-

marketplace quality standards on insurers" to perform duties as fiduciaries "solely in the interests of the participants and beneficiaries" and provide a full and fair review of claim denials. Because Plaintiff has alleged that Aetna has fallen short of these required standards, the Court should reject Defendants' motion to strike her allegations seeking "make-whole" relief.

### C. Fowler Is Entitled to a Jury Trial For Her Claim For Benefits Under the Aetna Policy

Just as *Great-West* confirms that a claim under ERISA § 502(a)(3) is an equitable claim, it also clarified that a claim under ERISA § 502(a)(1)(B) is a legal claim for the recovery of money damages. However, prior authorities that rejected a plan participant's right to a jury trial, including the cases cited by Defendants, presumed to the contrary that a claim for benefits under ERISA § 502(a)(1)(B) was an equitable claim. *Knudson* has effectively overturned these and other decisions that have found no jury trial exists in an ERISA benefits action.

In *Knudson*, Great-West sought reimbursement of medical expenses it had paid pursuant to an action under ERISA § 502(a)(3). To justify its reimbursement action under ERISA § 502(a)(3), Great-West claimed that its suit was for restitution and therefore was a permissible equitable action. The Supreme Court rejected this argument, and in doing so, held that a claim for money due and owing under a contract – the same type of action brought here – is quintessentially an action at law. The Court stated:

> Here, petitioners seek, in essence, to impose personal liability on respondents for a contractual obligation to pay money — relief that was not typically available in equity. "A claim for money due and owing under a contract is 'quintessentially an action at law.'" *Wal-Mart Stores, Inc. v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000) (Posner, J.). "Almost invariably . . . suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty. [Citation] And "[m]oney damages are, of course, the classic form of legal relief." [Citation]

534 U.S. at 210.

Here, Plaintiff's suit with respect to her first cause of action likewise seeks monetary damages, which the United States Supreme Court has just stated is a classic form of "legal" relief. The cases rejecting a plaintiff's right to a jury trial in ERISA cases have done so based upon the legal remedy vs. equitable remedy distinction. In *Spinelli v. Gaughn*, 12 F.3d 853, 855 (9th Cir. 1993), the court determined that an ERISA plaintiff is entitled to a jury trial if (1) the nature of his or her claim is analogous to a common lawsuit; and (2) the remedy provided is legal as opposed to equitable in nature. Contrary to prior precedent in this and other circuits, it is now clear that such relief is exclusively legal as opposed to equitable in nature. Plaintiff's right to a jury trial is thus guaranteed under the Seventh Amendment.

## V. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court to deny Defendants' Motion to Dismiss/Motion to Strike in its entirety. To the extent the Court determines that Plaintiff's Complaint is deficient in any respect, Plaintiff requests leave to amend.

Dated: August 28, 2008                    PILLSBURY & LEVINSON, LLP

                                          By:    /s/
                                          Terrence J. Coleman
                                          Brian H. Kim
                                          Attorneys for Plaintiff,
                                          ELIZABETH FOWLER