1  RONALD K. ALBERTS (SBN 100017)
   TAD A. DEVLIN (SBN 190355)
2  ELIZABETH B. VANALEK (SBN 206709)
   GORDON & REES LLP
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendants
6  AETNA LIFE INSURANCE COMPANY, THE
   PARSONS BRINCKERHOFF GROUP
7  ADMINISTRATION, INC. SHORT TERM
   DISABILITY PLAN AND THE PARSONS
8  BRINCKERHOFF GROUP
   ADMINISTRATION, INC. LONG TERM
9  DISABILITY PLAN

10                    UNITED STATES DISTRICT COURT

11               FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  ELIZABETH FOWLER,                    CASE NO. 3:08-cv-03463 (MEJ)

14                        Plaintiff,      **OBJECTIONS TO PLAINTIFF'S
                                          OPPOSITION AND REQUEST FOR
15       v.                              JUDICIAL NOTICE TO DEFENDANTS'
                                          MOTION TO DISMISS [FED. R. CIV. P.
16  AETNA LIFE INSURANCE COMPANY;        12(b)(6)] AND MOTION TO STRIKE
    THE PARSONS BRINCKERHOFF GROUP        [FED. R. CIV. P. 12(F)]**
17  ADMINISTRATION, INC. SHORT TERM
    DISABILITY PLAN; THE PARSONS         DATE:      September 18, 2008
18  BRINCKERHOFF GROUP                   TIME:      10 a.m.
    ADMINISTRATION, INC. LONG TERM       DEPT.:     Courtroom B
19  DISABILITY PLAN; and DOES 1 through 20, JUDGE:  Hon. Maria-Elena James
    INCLUSIVE,
20                                        ORAL ARGUMENT REQUESTED
                          Defendants.
21

22  **TO THIS COURT, THE PARTIES AND ATTORNEYS OF RECORD:**

23          Defendants Aetna Life Insurance Company, The Parsons Brinckerhoff Group

24  Administration, Inc. Short Term Disability Plan And The Parsons Brinckerhoff Group

25  Administration, Inc. Long Term Disability Plan (collectively, "Defendants") object to Plaintiff

26  Elizabeth Fowler's ("Plaintiff") Request for Judicial Notice filed in support of her Opposition to

27  Defendants' Motion to Dismiss and Motion to Strike portions of the First Amended Complaint.

28

*Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111*

- 1 -

# I.    **OBJECTIONS**

Pursuant to Federal Rule of Evidence 201, Defendants object and move to strike Exhibit B, which is the Brief for the United States Amicus Curiae Supporting Petitioners ("Amicus Brief"), filed on December 18, 2003 in the case *Aetna Health, Inc. v. Davila*, 524 U.S. 200 (2004), and Exhibit C, which is an Order from *Edwards v. The Prudential Life Ins. Co. of Amer.*, C 07-05807 (N.D. Cal. January 7, 2008) (the "Edwards Order").

Judicial notice of the Amicus Brief and the Edwards Order is improper. Federal Rule of Evidence 201(b) requires that:

> "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

For a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Consequently, "[w]hile the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not." *United States v. Southern California Edison Co.*, 300 F.Supp.2d 964, 974 (E.D.Cal. 2004); see also *Wyatt v. Terhune*, 315 F.3d 1108, 1114 fn.5 (9th Cir. 2003) ("[C]ourts should distinguish between taking judicial notice of the truth of some extrajudicial fact recited in a court record and the use of those facts for some purpose that does not depend on the truth of the facts recited [Citations omitted].")

## A.    The Amicus Brief Does Not Contain Judicially Noticed Facts

Even if this Court were to take judicial notice of the Amicus Brief, which Defendants contend is improper, the only judicially noticed fact would be the actual filing of the Amicus Brief. The Amicus Brief content is not judicially noticeable. *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (stating general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

OBJECTIONS TO PLAINTIFF'S OPPOSITION AND REQUEST FOR JUDICIAL NOTICE
TO DEFENDANTS' MOTION TO DISMISS/STRIKE    Case No. 3:08-cv-03463 (MEJ)

1 | formal introduction of evidence, facts essential to support a contention in a cause then before
2 | it"). The Amicus Brief does not contain facts judicially noticeable as a matter of law. (*Id.*)

3 | The Amicus Brief was filed in a different case. The Amicus Brief and its filing have no
4 | relation to the issues for resolution in Defendants' Motion to Dismiss and Motion to Strike. The
5 | Amicus Brief contains disputed facts and legal argument irrelevant and not the proper subject of
6 | judicial notice.

7 | **B.    The Edwards Order Concerns Different and Disputed Facts, Which Are Not the Proper Subject of Judicial Notice**
8 |

9 | This Court may only take notice of another court's order for the limited purpose of
10 | recognizing the "judicial act" that the order represents or the subject matter of the litigation. *Lee*
11 | *v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (a court may take judicial notice of
12 | another court's opinion, but not of the truth of the facts recited therein); *Asdar Group v.*
13 | *Pillsbury, Madison & Sutro,* 99 F.3d 289, 290, fn. 1 (9th Cir. 1996) (court may take judicial
14 | notice of the pleadings and court orders in earlier related proceedings).

15 | Other circuit courts are in accord. See, e.g., *United States v. Jones*, 29 F.3d 1549, 1553
16 | (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose
17 | of recognizing the "judicial act" that the order represents or the subject matter of the litigation");
18 | *U.S. v. Garland,* 991 F.2d 328, 332 (6th Cir. 1993) ("Court could take judicial notice of foreign
19 | criminal judgment and its existence as official statement admissible as evidence of facts stated;
20 | court would not, however, judicially notice truth of statements contained in judgment to extent
21 | such facts remained in dispute"); *Colonial Leasing Co. v. Logistics Control Group Int'l,* 762
22 | F.2d 454, 459 (5th Cir. 1985) ("Care should be taken by court to identify fact it is noticing, and
23 | its justification for doing so, particularly when document, such as court judgment, from which
24 | any number of distinct facts might be drawn, is object of the notice.")

25 | The Edwards Order is not subject to judicial notice. The factual background and legal
26 | argument behind the Edwards Order are in dispute. Although the subject matter of the litigation
27 | may be similar – recovery of disability benefits under ERISA – that is it. The facts, law, parties'
28 |

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

OBJECTIONS TO PLAINTIFF'S OPPOSITION AND REQUEST FOR JUDICIAL NOTICE
TO DEFENDANTS' MOTION TO DISMISS/STRIKE     Case No. 3:08-cv-03463 (MEJ)

1  positions and arguments and the Edwards' Court's analysis thereof is not subject to judicial

2  notice.

3  **II.    <u>CONCLUSION</u>**

4      For the following reasons, Defendants request this Court grant their Objection, strike the

5  Amicus Brief and Edwards Order, and not consider either in ruling on Defendants' Motion to

6  Dismiss and Motion to Strike.

7  DATED: September 4, 2008

8                                              GORDON & REES LLP

9

10                                    By _____

11                                           Ronald K. Alberts
                                             Tad A. Devlin
12                                           Elizabeth B. Vanalek
                                             Attorneys for Defendants
13                                           AETNA LIFE INSURANCE COMPANY,
                                             THE PARSONS BRINCKERHOFF GROUP
14                                           ADMINISTRATION, INC. SHORT TERM
                                             DISABILITY PLAN AND THE PARSONS
15                                           BRINCKERHOFF GROUP ADMINISTRATION,
                                             INC. LONG TERM DISABILITY PLAN
16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

AETNA/1051882/5921125v.1

OBJECTIONS TO PLAINTIFF'S OPPOSITION AND REQUEST FOR JUDICIAL NOTICE
TO DEFENDANTS' MOTION TO DISMISS/STRIKE      Case No. 3:08-cv-03463 (MEJ)