RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
ELIZABETH B. VANALEK (SBN 206709)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
AETNA LIFE INSURANCE COMPANY, THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. SHORT TERM DISABILITY PLAN AND THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. LONG TERM DISABILITY PLAN

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH FOWLER,

Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY; THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. SHORT TERM DISABILITY PLAN; THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. LONG TERM DISABILITY PLAN; and DOES 1 through 20, INCLUSIVE,

Defendants.

CASE NO. 3:08-cv-03463 (MEJ)

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE**

DATE: September 18, 2008
TIME: 10 a.m.
DEPT.: Courtroom B
JUDGE: Hon. Maria-Elena James

ORAL ARGUMENT REQUESTED

**TO THIS COURT, THE PARTIES AND ATTORNEYS OF RECORD:**

In support of Defendants Aetna Life Insurance Company, The Parsons Brinckerhoff Group Administration, Inc. Short Term Disability Plan And The Parsons Brinckerhoff Group Administration, Inc. Long Term Disability Plan (collectively, "Defendants") Reply to Plaintiff Elizabeth Fowler's ("Plaintiff") Opposition to Defendants' Motion to Dismiss and Motion to Strike portions of the First Amended Complaint, Defendants request this Court take judicial notice of the following documents pursuant to Rule 201 of the Federal Rules of Evidence:

1. The November 10, 2004 Order Granting Motion to Dismiss and Strike in *Thomas v. UNUM Life Ins. Co of America,* USDC N.D. Case No. 3:04-cv-03283-MJJ ("*Thomas* Order"), a true and correct copy of which is attached hereto as **Exhibit A.** In *Thomas v. UNUM Life Ins. Co of America,* USDC N.D. Case No. 3:04-cv-03283-MJJ, Plaintiff's counsel, Pillsbury & Levinson, asserted on behalf of plaintiff, the same improper claims for breach of fiduciary duty and equitable relief and improperly sought extracontractual "make whole" relief and a jury trial. Defendants request this Court take judicial notice of *Thomas* Order's judicial act in dismissing plaintiff's claims for breach of fiduciary duty and equitable relief and striking plaintiff's request for extracontractual "make whole" relief and a jury trial and the same subject matter of the litigation – ERISA disability – as in this action.

2. The State Court Complaint for Recovery of Employee Benefits; Breach Of Fiduciary Duty; Equitable Relief – Jury Trial Demanded in *Thomas v. UNUM Life Ins. Co of America*, filed on July 9, 2004 in Alameda County Superior Court, Case No. RG04-64867, which was removed to United States District Court, Northern District. A true and correct copy of this State Court Complaint is attached hereto as **Exhibit B.** Defendants request this Court take judicial notice of the subject matter of the litigation, causes of action plead by plaintiff, and allegations underlying the causes of action.

DATED: September 4, 2008

GORDON & REES LLP

By______________________

Ronald K. Alberts
Tad A. Devlin
Elizabeth B. Vanalek
Attorneys for Defendants
AETNA LIFE INSURANCE COMPANY, THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. SHORT TERM DISABILITY PLAN AND THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. LONG TERM DISABILITY PLAN

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**EXHIBIT A**

E-filing

FILED

NOV 1 0 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BURNETT THOMAS,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA; UNUMPROVIDENT CORPORATION; UNITIRN, INC. LONG TERM DISABILITY PLAN, and DOES 1 through 20, inclusive,

Defendants.
_______________________________/

No. C 04-3283 MJJ

**ORDER GRANTING MOTION TO DISMISS AND STRIKE**

United States District Court
For the Northern District of California

## INTRODUCTION

In this Employee Retirement Income Security Act ("ERISA") action, Defendants Unum Life Insurance Company of America, UnumProvident Corporation, and Unitrin, Inc. Long Term Disability Plan ("Defendants") move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss Plaintiff Burnett Thomas' claims for breach of fiduciary duty and equitable relief, or, in the alternative, for summary judgment under Rule 56. Defendant also moves to strike, pursuant to Rule 12(f), Plaintiff's demands for damages and a jury trial. For the reasons stated below, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims and strike Plaintiff's demands for damages and a jury trial.



## FACTUAL BACKGROUND

Plaintiff worked as sales representative with United Insurance Company of America and was enrolled in the Unitrin, Inc. Long Term Disability Plan ("Plan"), offered and insured by Defendants Unum Life Insurance Company of America and UnumProvident Corporation ("Unum"). On September 1, 2001, Plaintiff became disabled under the rules of the Social Security Administration as a result of plantar fasciitis, osteoporosis, tendonitis, degenerative disc disease, and hypertension. After a timely application by Plaintiff, Unum paid disability benefits until approximately May 30, 2003 because Plaintiff could no longer perform the substantial and material duties of her regular occupation. After 24 months of disability payments, the Plan requires that a claimant be "unable to perform the duties of any gainful occupation for which [the claimant is] reasonably fitted by education, training or experience." Around May 30, 2003, Defendants determined that Plaintiff would be able to engage in several gainful sedentary occupations and denied her claims for benefits.

Plaintiff filed a complaint in Alameda County Superior Court claiming: (1) recovery of denied long term disability benefits under ERISA § 502(a)(1)(B); 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty under ERISA §§ 404(a)(1), 409, 502(a)(2), 502(a)(3); 29 U.S.C. § 1104(a)(1), 1109, 1132(a)(2), 1132(a)(3); and (3) equitable relief under ERISA § 502(a)(3); 29 U.S.C. § 1132(a)(3). She seeks withheld disability benefits, additional "make-whole" monetary relief, injunctive relief prohibiting Unum from performing certain claims administrative acts, and removal of Unum as plan fiduciary. Defendants assert that Plaintiff's claims for breach of fiduciary duty and equitable relief fail to state claims upon which relief can be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337 (9th Cir. 1996). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991). A court may dismiss a complaint pursuant to Rule 12(b)(6) for either lack of a cognizable legal theory or the pleading of insufficient facts under an adequate theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

In determining a motion to dismiss, a court must assume all factual allegations to be true and must construe them in the light most favorable to the non-moving party. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

A court will dismiss the complaint or any claim in it without leave to amend only if "it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1196 (9th Cir. 1998). In deciding whether justice requires granting leave to amend, factors to be considered include "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**ANALYSIS**

ERISA is a comprehensive federal statute which entirely occupies the field of employee benefit plan regulation. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987); *Gen. Am. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993); *see also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993) ("comprehensive and reticulated statute"); *Nachman Corp. v. Pension Ben. Guar. Corp.*, 446 U.S. 359, 361 (1980) ("enormously complex and detailed"). ERISA section 502(a) provides a carefully integrated civil enforcement scheme for ERISA actions. 29 U.S.C. § 1132(a). For example, section 502(a)(1)(B) allows a participant to recover benefits or enforce rights under the terms of the plan. Section 502(a)(2) allows a participant to bring a cause of action under section 409 for breach of fiduciary duty. Section 502(a)(3) allows a participant to bring an action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." *Id.* Because of ERISA's complex, reticulated nature, it should not be supplemented by extratextual, common law remedies. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 447 (1999) (refusing to apply wasting doctrine in ERISA case).

United States District Court
For the Northern District of California

Defendants argue that ERISA § 502(a)(1)(B)[1] provides the exclusive remedy for a plaintiff who claims that her benefits were improperly denied and that the remedies available to Plaintiff under section 502(a)(1)(B) are duplicative of the remedies she seeks under other ERISA subsections. *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) ("[S]ection 502(a)(1)(B) provides a remedy for breach of fiduciary duty with respect to interpretation of the plan documents and the payment of claims.") The Court will consider these arguments as they apply to each challenged cause of action.

**A. Breach of Fiduciary Duty under Section 502(a)(2)**

ERISA treats persons who exercise discretionary control, authority, or responsibility over plan management or administration as fiduciaries, and provides that such persons must discharge their duties with respect to a plan as would a prudent person acting in a similar capacity and engaged in a similar enterprise. 29 U.S.C. §§ 1002(21), 1104. A fiduciary who violates this duty owed to a plan becomes personally liable for any resulting losses suffered by the plan and is subject to other relief the court deems appropriate. 29 U.S.C. § 1109(a). The express terms of ERISA make actionable breaches of "any of the responsibilities, obligations, or duties imposed upon fiduciaries." 29. U.S.C. § 1109.[2]

However, a plan participant may only bring a claim for breach of fiduciary duty on behalf and for the benefit of the plan. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). Thus, "[a]ny recovery for a violation of sections 1109 and 1132(a)(2) must be on behalf of the plan as a whole, rather than inuring to individual beneficiaries." *Horan v. Kaiser Steel Ret. Plan,* 947 F.2d 1412, 1417-18 (9th Cir. 1991). Section 502(a)(2) claims will generally be struck where the relief sought is not on behalf of the plan. *Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1528 (9th Cir. 1993)

---

[1] Section 502(a)(1)(B) allows a plan participant to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

[2] Section 1109(a) states:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

(holding that no individual relief in available under section 502(a)(2)).

In *Russell*, the Supreme Court considered a damages claim for improper processing of a claim for disability benefits. 473 U.S. at 134. The Court held that, under section 502(a)(2), individuals cannot recover damages (e.g., benefits, extracontractual damages, or punitive damages) for improper processing of benefit claims. *Id.* In a similar context, the Ninth Circuit held that individual beneficiaries may bring fiduciary actions against ERISA plan fiduciaries, but they must do so for benefit of plan and not for their individual benefit. *Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437 (9th Cir. 1995).

Plaintiff alleges that Unum breached its fiduciary duty by systematic failures to investigate and process claims in a reasonable manner. Although Plaintiff claims that her complaint is poorly worded, its plain terms seek "appropriate equitable relief from the Defendants, and each of them, by being placed in the position she would have been in had Defendants not breached the duties described herein. . . ." Nowhere in her complaint does Plaintiff state that she seeks recovery on behalf of the Plan.[3] Since the "equitable relief" (of being returned to her position prior to breach) that Plaintiff seeks cannot possibly accrue to the Plan, Plaintiff's section 502(a)(2) claim is properly dismissed because it does not state a claim upon which relief can be granted.[4]

**B. Breach of Fiduciary Duty under Section 502(a)(3)**

Section 502(a)(3) allows a plan participant to bring suit in her individual capacity "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce

---

[3] Plaintiff seeks relief under section 502(a)(3) that might accrue to the Plan, including injunctive relief prohibiting Unum from performing certain claims administration acts, and removal of Unum as plan fiduciary. She also states that she "asserts a breach of fiduciary duty against UNUM as an individual Plan participant and on behalf of all other the [sic] participants and beneficiaries of the Plan."

[4] The Court notes that a valid amendment might allow Plaintiff to proceed with section 502(a)(2) action on behalf of the Plan. For example, Plaintiff could ask for "plan-related" relief such as removal of the fiduciary. *See Russell*, 473 U.S. at 142 (describing removal of a fiduciary as "plan-related" relief); *see also Donovan v. Mazzola*, 716 F.2d 1226, 1236-39 (9th Cir. 1984) (upholding the removal of a pension plan fiduciary as a remedy for breach of fiduciary duty). The *Russell* court stated that a plaintiff could state a valid section 502(a)(2) claim, requesting removal of a plan fiduciary, "if the plan administrator's refusal to pay contractually authorized benefits had been part of a larger systematic breach of fiduciary obligations." *Id.* at 147. Plaintiff already requested fiduciary removal as part of her section 502(a)(3) claim.

any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

In *Varity Corp. v. Howe*, 516 U.S. 489, 507-15, the Supreme Court expressly considered when a individual may bring an action under 502(a)(3) for harm caused by a fiduciary's actions. In *Varity Corp.*, former plan participants sought reinstatement in a plan under 502(a)(3) and had no other ERISA remedy. *Id.* at 515. The Supreme Court characterized section 502(a)(3) as a "catchall" provision designed to remedy any statutory violation. *Id.* at 512. It reasoned that ERISA's structure "suggests that these 'catchall' provisions act as a safety net, offering appropriate relief for injuries caused by violations that § 502 does not elsewhere remedy." *Id.*

The Ninth Circuit has subsequently clarified that plaintiffs are not entitled to relief under section 502(a)(3) when appropriate relief is available under other ERISA subsections. *See Bowles v. Reade*, 198 F.3d 752, 760 (9th Cir. 1999) (holding that plaintiff was not entitled to relief under section 502(a)(3) where relief she sought was provided by § 502(a)(2)); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997) (holding that plaintiffs were not entitled to relief under section 502(a)(3) where they received adequate relief under section 502(a)(1)(B)).[5]

Here, sections 502(a)(1)(B) and 502(a)(2) provide all the appropriate relief available to Plaintiff. Under section 502(a)(1)(B), she may claim benefits and obtain an injunction that clarifies her right to future benefits. *See, e.g., Varity Corp*, 516 U.S. at 512 ("ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and payment of claims.") Section 502(a)(2) allows for removal of a fiduciary and other injunctive relief to prevent further fiduciary breach.[6] As discussed below, the additional monetary relief that Plaintiff seeks would not be available under section 502(a)(3). Because Plaintiff's claim under 502(a)(3) does not seek any remedy not otherwise available under other ERISA subsections, this claim is dismissed.

---

[5] Other circuits have held that a plaintiff may advance a 502(a)(1)(B) claim coextensively with a 502(a)(3) claim and allow the district court to determine what remedy is most appropriate at the conclusion of the case. *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76 (2d Cir. 2001); *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819 (11th Cir. 2001). However, the law of this circuit does not endorse that approach. *See Bowles*, 198 F.3d at 760.

[6] Moreover, if appropriate, this type of injunctive relief benefits the Plan as a whole and is therefore properly brought under a 502(a)(2) action on behalf of the Plan.

**C. Other Monetary Damages**

Under section 502(a)(3), Plaintiff asks the Court for "make-whole" monetary relief for consequential and emotional harm caused by Unum, claiming that such relief was available in courts of equity. Plaintiff claims that a right to this type of relief is suggested by the statement in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002),[7] that "equitable relief" under section 502(a)(3) refers to "those categories of relief that were *typically* available in equity." *Id.* at 210 (emphasis in original). However, *Knudson* specifically rejected any reading of section 502(a)(3) that would extend to all relief that a court of equity is empowered to provide. *Id.* (citing *Mertens*, 508 U.S. at 258 n.8.) Thus, *Knudson* does not support Plaintiff's position, nor is she able to draw support for her claim from any other source. Plaintiff cites no case law that shows that her claimed damages were typically available in equity, nor does she direct the Court to any case that allows such damages under section 502(a)(3).

Caselaw overwhelmingly supports the view that the type of monetary relief sought by Plaintiff is *not* available under any ERISA provision. While the Supreme Court made clear that individual beneficiaries are not entitled to recover extracontractual damages under section 409, it has not ruled on whether such damages are available for violations of section 502(a)(3). *Russell*, 473 U.S. at 144 & nn.9, 12 (1985). However, relying on *Russell*, the Ninth Circuit held that punitive damages are not available to individual beneficiaries suing for breach of fiduciary duty under section 502(a)(3). *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306- 07 (9th Cir. 1986). In *Sokol v. Bernstein*, 803 F.2d 532, 536-37 (9th Cir. 1986), the court reiterated that extracontractual damages, including damages for emotional distress, are not available under 502(a)(3), commenting that "[t]here is considerable support in *Russell* for the proposition that no provision in ERISA authorizes the award of extra-contractual damages." *Id.* at 535. The Supreme Court noted that:

> [t]he six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did *not*

---

[7] The Supreme Court in *Knudson* addressed the question of whether a plan's claim for reimbursement of benefits stated a claim under section 502(a)(3). *Id.* at 206. *Knudson* held that the plan could not retrieve benefits paid to a plan beneficiary because the plan sought legal, not equitable relief.

> intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a 'comprehensive and reticulated statute.'

*Russell*, 473 U.S. at 146 (emphasis in original) (quoting *Nachman Corp.*, 446 U.S. at 361; *Mertens*, 508 U.S. at 254. Thus, there appears to be little support for the claim that extracontractual damages are allowed in cases brought under section 502(a)(3). *Sokol*, 803 F.2d at 536-37. The Court declines Plaintiff's invitation to permit a claim that has never been established under Ninth Circuit law and strikes her request pursuant to Rule 12(f).

**D. No Jury Trial**

The Seventh Amendment right to a jury trial applies in actions that existed at common law and in actions analogous to those common law actions. *Tull v. United States*, 481 U.S. 412, 417 (1987); *Spinelli v. Gaughan*, 12 F.3d 853, 855 (9th Cir. 1993). Thus, whether a plaintiff is entitled to a jury trial depends on a determination of the nature of the action, and, more importantly, on the nature of the relief requested. *Spinelli*, 12 F.3d at 855 (citing *Chauffers, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

Actions for breach of fiduciary duty have traditionally been actions in equity carrying with them no right to trial by jury. *See, e.g.*, *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 522 (1947); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 40-42 (1989). ERISA's fiduciary responsibility provisions draw much of their content from the common law of trusts. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989); *see also Cent. States, Southeast & Southwest Areas Pension Fund v. Central Transp., Inc.*, 472 U.S. 559, 570 (1985) (stating that duties of plan trustees are to be examined under traditional principles of the common law of trusts); *Acosta v. Pac. Enter.*, 950 F.2d 611, 618 (9th Cir. 1991) (stating that Congress invoked the common law of trusts to define the general scope of a fiduciary's authority and responsibility) (citing legislative history). Similarly, Congress intended that courts "draw upon principles of traditional trust law in formulating remedies for violations of ERISA's fiduciary duty standards." *Nieto v. Ecker*, 845 F.2d 868, 872 (9th Cir. 1988) (citation omitted). Under traditional trust law, a beneficiary's remedies against a trustee have been almost exclusively within the jurisdiction of equity. *See Mertens*, 508 U.S. at 256 ("[A]t

United States District Court
For the Northern District of California

common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust.")

Plaintiff asserts that she is entitled to a jury trial because her section 502(a)(1)(B) claim for benefits seeks money damages.[8] There is no express statutory right to a jury trial under ERISA, and the legislative history does not indicate that Congress intended such a right. *See Wardle v. Cent. States, Southeast and Southwest Areas Pension Fund*, 627 F.2d 820, 828-29 (7th Cir. 1980). Additionally, Ninth Circuit case law establishes that there is not a right to a jury trial for a claim for benefits under ERISA section 502(a)(1)(B). *Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees*, 244 F.3d 1109 (9th Cir. 2001). Accordingly, Plaintiff's request for a jury trial is stricken pursuant to Rule 12(f).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion as follows: (1) **dismiss** Plaintiff's second claim under section 502(a)(2) with leave to amend, (2) **dismiss** Plaintiff's third claim under section 502(a)(3), (3) **strike** Plaintiff's demand for extracontractual damages, and (4) **strike** Plaintiff's demand for a jury trial.

**IT IS SO ORDERED.**

Dated: November 10, 2004

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[8] For support, Plaintiff cites language from *Knudson*, 534 U.S. at 210, and claims that all suits for money damages are legal rather than equitable. *Knudson*, however, did not involve a participant's claim for benefits under the terms of an ERISA plan. *Id.* Thus, *Knudson* does not provide sufficient support to overturn clearly established caselaw characterizing claims such as Plaintiff's as equitable claims.

**EXHIBIT B**

Arnold R. Levinson (State Bar No. 066583)
Terrence J. Coleman (State Bar No. 172183)
Rebecca Grey (State Bar No. 194940)
PILLSBURY & LEVINSON, LLP
One Embarcadero Center
Thirty-Eighth Floor
San Francisco, California 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816

Attorneys for Plaintiff,
BURNETT THOMAS

ENDORSED
FILED
ALAMEDA COUNTY
JUL 0 9 2004
ARTHUR SIMS, Exec. Off./Clerk
By Yasmin Reddy

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

BURNETT THOMAS,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA; UNUMPROVIDENT CORPORATION, UNITRIN, INC. LONG TERM DISABILITY PLAN, and DOES 1 through 20, inclusive,

Defendants.

Case No. RG04164867

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS; BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF

JURY TRIAL DEMANDED

Plaintiff alleges on information and belief as follows:

GENERAL ALLEGATIONS

1. Plaintiff BURNETT THOMAS is an individual residing in the State of California.

2. Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA was and is a business entity authorized to transact business in the State of California, including the marketing, sale and issuance of disability insurance. UNUM LIFE INSURANCE COMPANY OF AMERICA is now wholly owned and operated by

Defendant UNUMPROVIDENT CORPORATION. Both entities, in concert, handled and processed Plaintiff's claim for disability benefits, as described below, and UNUMPROVIDENT CORPORATION controlled, directed and/or supervised the activities of UNUM LIFE INSURANCE COMPANY OF AMERICA as described below and were joint venturers with respect to Plaintiff's disability policy and claim for benefits as described below. UNUMPROVIDENT CORPORATION is the alter ego of UNUM LIFE INSURANCE COMPANY OF AMERICA and so dominated and controlled the activities of UNUM LIFE INSURANCE COMPANY OF AMERICA as to negate corporate separateness. UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUMPROVIDENT CORPORATION are collectively referred to hereafter as "UNUM."

3. Defendant UNITRIN, INC. LONG TERM DISABILITY PLAN ("the Plan") is a long-term disability plan which is offered by Defendant UNUM. the Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA").

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by said fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they have been ascertained.

5. At all relevant times, Plaintiff was employed as a Sales Representative with United Insurance Company of America and as such was enrolled in the Plan which was offered and issued by Defendant UNUM.

6. At all material times hereto, Plaintiff was insured under the Plan, to wit, Policy No. 204571-011 ("POLICY"). Under the Plan, UNUM promised to pay benefits in the event that she became unable to perform the substantial and material duties of her regular occupation as a Sales Representative. UNUM further promised to pay benefits if, after 24 months of payments under the Plan,

Plaintiff was unable to perform the duties of any gainful occupation for which she was reasonably fitted by education, training or experience.

7. At all material times herein, Plaintiff complied with all the material provisions pertaining to the Plan and/or compliance was waived by Defendants. While the Plan was in full force and effect, Plaintiff became disabled and entitled to benefits under the terms of the Plan as a result of, *inter alia*, plantar fasciitis, osteoporosis, tendonitis, degenerative disc disease and hypertension. Plaintiff has been, remains, and will be unable to perform the substantial and material duties of her regular occupation and any gainful occupation for which she is reasonably fitted by education, training or experience as a result of her conditions.

8. Shortly after becoming disabled, Plaintiff timely applied for disability benefits under the Plan.

9. Defendant insurer UNUM, paid Plaintiff total disability benefits until approximately May 30, 2003, at which time it terminated her benefits and advised Plaintiff that it would make no further payments to Plaintiff under the provisions of the disability payment portion of the Plan. Despite Plaintiff having provided Defendants with proof of current and continuing disability, and having made demand for payment, Defendants have refused and continue to refuse to make disability payments to Plaintiff.

10. Defendant UNUM made the decision to deny benefits payable to Plaintiff under her disability policy.

11. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damages as outlined below.

12. As the result of the actions of Defendants, and each of them, Plaintiff has been improperly denied disability benefits together with interest thereon and has suffered further and severe economic hardship.

13. As a result of the actions of Defendants, and each of them, Plaintiff has suffered emotional distress and anxiety in an amount to be shown at trial.

14. As a further result of the actions of Defendants, and each of them, Plaintiff has been forced to engage the services of legal counsel for the purpose of obtaining her insurance benefits.

FIRST CAUSE OF ACTION
Recovery Of Employee Benefits
(Against all Defendants; 29 U.S.C. § 1132(a)(1)(B))

15. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 14 of this complaint as though fully set forth herein.

16. At all relevant times, Plaintiff was insured under the Plan and Defendants were responsible for the administration and handling of Plaintiff's benefits under the Plan.

17. At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Plan, and/or compliance has been waived or Defendants are estopped from asserting non-compliance.

18. While the Plan was in full force and effect, Plaintiff became and remains totally disabled and entitled to receive benefits under the Plan.

19. UNUM, however, terminated Plaintiff's claim for benefits and has refused and continues to refuse to make monthly disability payments to Plaintiff. Plaintiff appealed UNUM's denial of benefits and exhausted her administrative remedies under the Plan. UNUM upheld its denial of benefits and refused to continue to pay Plaintiff her benefits.

20. Defendants' refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendants' actions in administering Plaintiff's claim and in denying benefits were arbitrary and capricious. At all material times herein, Defendants, and each of them, failed and refused to honor the Plan. Defendants are liable for

all benefits due under the Plan which have been improperly withheld from Plaintiff.

21. As a proximate result of Defendants' actions, Plaintiff has been deprived of her disability benefits to which she was and is entitled and has suffered damage as set forth in Paragraphs 11-14 above.

**SECOND CAUSE OF ACTION**
**Breach of Fiduciary Duty**
**(Against UNUM and DOES 1-10**
**29 U.S.C. §§1104(a)(1); 1109; 1132(a)(2); 1132(a)(3))**

22. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. At all material times herein, Defendants, and each of them, were fiduciaries with respect to their exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

24. Plaintiff asserts a breach of fiduciary duty against UNUM as an individual Plan participant and on behalf of all other the participants and beneficiaries of the Plan.

25. Plaintiff asserts that a claim for benefits due under the Plan does not provide her an adequate remedy at law in light of UNUM's continuing course of conduct in violating the terms of the Plan and applicable law as described below.

26. Defendants, and each of them, were obliged to discharge their duties solely in the interests of beneficiaries and participants for the exclusive purpose of providing beneficiaries and participants benefits, defraying reasonable expenses of the Plan, using all prudent skill and diligence in accordance with the documents and instruments governing the Plan.

27. At all material times herein, Defendants, and each of them, violated these duties by, *inter alia*, the following:

A. Consciously and unreasonably failing to investigate or evaluate Plaintiff's claim, and related claims and/or similar claims, fairly or in

good faith, but, on the other hand, utilizing the information available to it in a manner calculated to provide it with a wrongful but plausible sounding justification to deny benefits;

B. Consciously and unreasonably setting out to create a plausible sounding basis upon which to deny Plaintiff's claim, and related claims and/or similar claims, and seeking to obtain information calculated to permit it to claim that it had a plausible sounding basis upon which to deny Plaintiff's benefits;

C. Consciously and unreasonably abusing its right to have Plaintiff's purported functional capacity examined as a means to obtain a plausible basis to justify denial of benefits rather than to fairly assess Plaintiff's disability, as Defendants did with similar and/or related claims;

D. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits and consciously and unreasonably failing to investigate all bases to support coverage;

E. Consciously and unreasonably delaying, refusing, and continuing to refuse to pay Plaintiff benefits, and related claims and/or similar claims for benefits, properly payable under the Plan and to deprive Plaintiff of her rightful benefits with the knowledge that said delays and denials were and are wrongful and contrary to their obligations under the Plan and the law;

F. Consciously and unreasonably failing to investigate Plaintiff's claim, and related claims and/or similar claims, fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;

G Consciously and unreasonably failing to adopt and implement reasonable or proper standards applicable to the prompt and fair

investigation, processing and adjudication of Plaintiff's claim, and related claims and/or similar claims, under the Plan;

H. Consciously and unreasonably interpreting the POLICY in a manner designed to deny benefits and in a manner which thwarts the reasonable expectations of the Plan's beneficiaries and participants in order to maximize its owns profits and minimize the benefits it pays claimants; and

I. Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims and/or similar claims, with the knowledge that Plaintiff's claim is payable and with the intent of saving them money at Plaintiff's expense. In particular, UNUM has had and continues to have full knowledge that Plaintiff is disabled and entitled to total disability benefits under the Plan, but have nevertheless refused to pay and honor Plaintiff's known legitimate claim.

28. As a proximate result of Defendants' actions, Plaintiff has been damaged as set forth in Paragraphs 11 through 14 above. In addition, Plaintiff seeks appropriate equitable relief from the Defendants, and each of them, by being placed in the position she would have been in had Defendants not breached the duties described herein, and had she been paid the benefits to which she is entitled, including any and all benefits, interest, attorneys fees and other losses resulting from Defendants' breach.

**THIRD CAUSE OF ACTION**
**Equitable Relief**
**(Against all UNUM, and DOES 11-20 ; 29 U.S.C. §1132(a)(3))**

29. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Defendants habitually violated their fiduciary duties in failing to act in accordance with the documents governing the Plan, failing to use all prudent skill and failing to uphold their duty of loyalty to act solely in the interest of the

participants and beneficiaries of the Plan, and failing to properly evaluate Plaintiff's claim, among others, for benefits.

31. Plaintiff further alleges that Defendants, and each of them, have breached their fiduciary duties by misapplying, misinterpreting and/or ignoring relevant provisions of the Plan by, and hereby further requests a judgment permanently enjoining Defendants from interpreting the POLICY in the following ways:

A. From denying benefits based upon an interpretation of "total disability" different from that required under applicable law and the Plan, including the requirement that a claimant be unable to work with accommodations that could possibly be to permit a return to work.

B. From denying benefits based upon an interpretation of "total disability" and/or "gainful occupation" without regard to a claimant's realistic job prospects, including the existence of actual occupations, positions or jobs, and whether a claimant is, in fact, qualified for such positions given a lack of relevant or adequate experience, ability, education or length of time out of the labor market.

C. From denying benefits based upon an interpretation of "total disability" and/or "gainful occupation" without regard to the actual (as opposed to generic) duties the proposed gainful occupations entail.

32. Plaintiff further requests judgment permanently enjoining Defendants from ever again serving as a fiduciary with respect to the Plan, together with attorneys fees and costs.

33. In addition, Plaintiff seeks appropriate equitable relief from the Defendants, and each of them, and seeks an order by this Court that her total

disability benefits be reinstated, that Defendants be enjoined from terminating benefits for the duration of the applicable maximum benefit period under the Plan, and that she be placed in the position she would have been in had she been paid the benefits to which she is entitled, including, without limitation, interest, attorneys fees and other losses resulting from Defendants' breach.

WHEREFORE, Plaintiff prays as follows:

1. For a determination that Plaintiff is entitled to receive benefits under the Plan and an injunction mandating the payment of benefits to Plaintiff for the maximum benefit period under the Plan;
2. For damages according to proof;
3. For general damages according to proof;
4. For attorneys' fees and costs of suit incurred herein;
5. For interest;
6. For a injunctive relief as set forth above; and
7. For such other and further relief as the Court may find appropriate.

JURY TRIAL IS HEREBY DEMANDED

DATED: July 9, 2004

PILLSBURY & LEVINSON, LLP

By: ______________________
Rebecca Grey, Esq.
Attorneys for Plaintiff
BURNETT THOMAS



Case 3:04-cv-03283-MJJ Document 1 Filed 08/11/2004 Page 18 of 23

**RIMAC & MARTIN, P.C.**
JOSEPH M. RIMAC - State Bar No. 72381
ANNA M. MARTIN - State Bar No. 154279
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY OF AMERICA;
UNUMPROVIDENT CORPORATION;
UNITRIN, INC. LONG TERM DISABILITY PLAN

04 AUG 11 PM 3:46
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

MJJ

C 04 3283

BURNETT THOMAS,

Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA; UNUMPROVIDENT CORPORATION; UNITRIN, INC. LONG TERM DISABILITY PLAN, and DOES 1 through 20, inclusive,

Defendants.

CASE NO.

**CERTIFICATION OF INTERESTED PERSONS OR ENTITIES**

Rimac & Martin, P.C.
1051 Divisadero Street
San Francisco, CA 94115
Tel. (415) 561-8440

Pursuant to Civil L.R. 3-16, the undersigned certifies as follows:

As of this date, other than the named parties, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Respectfully submitted,

RIMAC & MARTIN, P.C.

DATED: August 11, 2004 By: [signature]

ANNA M. MARTIN
Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY OF AMERICA; UNUMPROVIDENT CORPORATION; UNITRIN, INC. LONG TERM DISABILITY PLAN

Rimac & Martin, P.C.
1051 Divisadero Street
San Francisco, CA 94115
Tel. (415) 561-8440



RIMAC & MARTIN, P.C.
JOSEPH M. RIMAC - State Bar No. 72381
ANNA M. MARTIN - State Bar No. 154279
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY OF AMERICA;
UNUMPROVIDENT CORPORATION;
UNITRIN, INC. LONG TERM DISABILITY PLAN

ORIGINAL FILED 04 AUG 11 PM 3:47 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA E-filing

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

MJJ

C 04 3283

BURNETT THOMAS,

Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA; UNUMPROVIDENT CORPORATION; UNITRIN, INC. LONG TERM DISABILITY PLAN, and DOES 1 through 20, inclusive,

Defendants.

CASE NO.

**CERTIFICATION OF INTERESTED PERSONS OR ENTITIES**

Rimac & Martin, P.C.
1051 Divisadero Street
San Francisco, CA 94115
Tel. (415) 561-8440

Pursuant to Civil L.R. 3-16, the undersigned certifies as follows:

As of this date, other than the named parties, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Respectfully submitted,

RIMAC & MARTIN, P.C.

DATED: August 11, 2004

By: [signature]
ANNA M. MARTIN
Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY OF AMERICA; UNUMPROVIDENT CORPORATION; UNITRIN, INC. LONG TERM DISABILITY PLAN

Rimac & Martin, P.C.
1051 Divisadero Street
San Francisco, CA 94115
Tel. (415) 561-8440



Case 3:04-cv-03283-MJJ Document 1 Filed 08/11/2004 Page 22 of 23

**RIMAC & MARTIN, P.C.**
JOSEPH M. RIMAC - State Bar No. 72381
ANNA M. MARTIN - State Bar No. 154279
1051 Divisadero Street
San Francisco, California 94115
Telephone (415) 561-8440
Facsimile (415) 561-8430

Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY OF AMERICA;
UNUMPROVIDENT CORPORATION;
UNITRIN, INC. LONG TERM DISABILITY PLAN

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

BURNETT THOMAS,

Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA; UNUMPROVIDENT CORPORATION; UNITRIN, INC. LONG TERM DISABILITY PLAN, and DOES 1 through 20, inclusive,

Defendants.

CASE NO.

**PROOF OF SERVICE BY MAIL**

Rimac & Martin, P.C.
1051 Divisadero Street
San Francisco, CA 94115
Tel. (415) 561-8440

Rimac & Martin, P.C.
1051 Divisadero Street
San Francisco, CA 94115
Tel. (415) 561-8440

**PROOF OF SERVICE BY MAIL**

I am employed at Rimac & Martin, 1051 Divisadero Street, San Francisco, California 94115. I am over the age of 18 years and am not a party to this action.

On August 11, 2004, I served the within **CIVIL COVER SHEET; NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT; CERTIFICATION OF INTERESTED PERSONS OR ENTITES** on the interested parties hereto by placing said document in a sealed envelope with first class postage fully prepaid thereon, and depositing same with the U.S. Postal Service at San Francisco, California, addressed as follows:

Arnold R. Levinson, Esq.
PILLSBURY & LEVINSON, LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 11, 2004, at San Francisco, California.

Karl H. Plischke