RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
ELIZABETH B. VANALEK (SBN 206709)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
AETNA LIFE INSURANCE COMPANY, THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. SHORT TERM DISABILITY PLAN AND THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. LONG TERM DISABILITY PLAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FOWLER,<br><br>                Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY; THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. SHORT TERM DISABILITY PLAN; THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. LONG TERM DISABILITY PLAN; and DOES 1 through 20, INCLUSIVE,<br><br>                Defendants. | CASE NO. 3:08-cv-03463 (MEJ)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS [FED. R. CIV. P. 12(b)(6)] AND MOTION TO STRIKE [FED. R. CIV. P. 12(F)]**<br><br>DATE:    September 18, 2008<br>TIME:    10 a.m.<br>DEPT.:   Courtroom B<br>JUDGE:  Hon. Maria-Elena James<br><br>ORAL ARGUMENT REQUESTED |

Table of Contents

Page

1    I.    INTRODUCTION ...................................................................................................1

2    II.    LEGAL ARGUMENT............................................................................................2

3          A.    Because Adequate Relief Is Available Under Section 502(a)(1)(B), Plaintiff Cannot Also Seek Relief Under 502(a)(3) .........................................................2

4
              1.    Caplan, Ehrman and Finkelstein Are Inapplicable And Not
5                     Controlling Authority.........................................................................3

6                      a.    Caplan, Ehrman, and Finkelstein Are Not Binding Precedent ........4

7                      b.    Caplan, Ehrman, and Finkelstein Are Distinguishable From This Action..............................................................................................4

8
              2.    Plaintiff's Reliance on "Edwards" Indicates Her Action Is Purely A
9                     Claim for Disability Benefits Under Section 502(a)(1)(B)..........................8

10          B.    Plaintiff Cites No Authority, Because There is None, To Support Her "Make Whole" Relief Theory ........................................................................8

11
         C.    Plaintiff Is Not Entitled To A Jury Trial For Her ERISA Claim .............................9
12
   III.    CONCLUSION ....................................................................................................10
13

Table of Authorities

Page

**Cases**

*Aetna Health, Inc. v. Davila*
   542 U.S. 200 (2004)..................................................................................................8

*Bowles v. Reade*
   198 F.3d 752 (9th Cir. 1999) ...............................................................................3, 4

*Burke v. Pitney Bowes, Inc. Long-Term Disability Plan*
   2006 WL 13097 (N.D.Cal. 2006) ..............................................................................3

*Caplan v. CAN Short Term Disability Plan*
   479 F.Supp.2d 1108 (N.D. Cal. 2007) ...............................................................3, 4, 5

*Davison v. Hartford Life & Acc. Ins. Co.*
   2005 WL 807045 (N.D. Cal. 2005) .......................................................................4, 9

*Delucchi v. Life Ins. Co. of N. America*
   2005 WL 146902 (N.D.Cal. 2005) ........................................................................3, 9

*Egashira v. Boeing Co.*
   16 Fed.Appx. 808 (9th Cir. 2001)..............................................................................7

*Ehrman v. Standard Ins. Co.*
   2007 WL 1288465 (N.D. Cal. 2007) ................................................................passim

*Finkelstein v. Guardian Life Ins. Co.*
   2007 WL 4287329 (N.D. Cal. 2007) ................................................................passim

*Fontana v. Guardian Life Ins. Co. of America*
   2008 WL 895700 (N.D. Cal. 2008) ...........................................................................4

*Ford v. MCI Communications Corp. Health and Welfare Plan*
   299 F.3d 1076 (9th Cir. 2005) ...................................................................................7

*Forsyth v. Humana, Inc.*
   114 F.3d 1467 (9th Cir. 1997) ...............................................................................3, 4

*Great-West Life & Annuity Ins. Co. v. Knudson*
   534 U.S. 204 (2002)................................................................................................2, 9

*Hart v. Massanari*
   266 F.3d 1155 (9th Cir. 2001) ...................................................................................4

*King v. Cigna Corp.*
   2007 WL 2288117 (N.D. Cal. 2007) .........................................................................7

*Mertens v. Hewitt Assocs.*
   508 U.S. 248 (1993)...................................................................................................3

*Newman v. Standard Ins. Co.*
   997 F.Supp. 1276 (C.D. Cal. 1998) ..........................................................................9

Table of Authorities
(Cont.)

Page

*Pilot Life Ins. Co. v. Dedeaux*
   481 U.S. 41 (1987).................................................................................................9

*Reynolds v. Fortis Benefits Ins. Co.*
   2007 WL 484782 (N.D. Cal. 2007) ....................................................................4, 5

*Spinelli v. Gaughan*
   12 F.3d 853 (9th Cir. 1993) ...................................................................................9

*Thomas v. Oregon Fruit Products Co.*
   228 F.3d 991 (9th Cir. 2000) .................................................................................9

*Thomas v. UNUM Life Ins. Co of America*
   USDC N.D. Case No. 3:04-cv-03283-MJJ.............................................................4

*Varity Corp. v. Howe*
   516 U.S. 489 (1996)......................................................................................2, 4, 7

**Statutes**

29 U.S.C. section 1106 ..................................................................................................5

29 U.S.C. section 1132 ..............................................................................................3, 6

ERISA section 502................................................................................................passim

**TO THIS COURT, THE PARTIES AND ATTORNEYS OF RECORD:**

Defendants Aetna and the Plan (collectively, "Defendants") submit this Reply in support of their Motion to Dismiss and Motion to Strike portions of the First Amended Complaint:

## I. <u>INTRODUCTION</u>

This simple ERISA dispute arises from Aetna's denial of LTD benefits which Plaintiff Elizabeth Fowler ("Plaintiff") contends are due. Simplicity notwithstanding, Plaintiff blithely attempted to transform it, by unartful pleading, into something beyond a suit for disability benefits. Plaintiff improperly seeks relief both for her claimed disabilities under the Plan and equitable relief for Aetna's claim handling. Based on pure speculation and guesswork, Plaintiff seeks to remove Aetna from ever acting as a fiduciary (benefits claim administrator) based solely on Aetna's denial of her claim. For good reason, courts do not sanction such drastic remedies in ERISA disability cases, and this court should not either. Aetna evaluates disability claims, as Plaintiff's employer, Parsons, contracted with Aetna to do, and pays valid claims under the Plan and denies invalid claims. For doing its job, and finding Plaintiff can work within her restrictions, Plaintiff seeks to impose legally invalid, wild remedies. At most, under ERISA, Plaintiff can recover disability benefits (pursuant to her First Cause of Action) *if* this Court rules Defendants improperly denied her benefits.

Plaintiff's Opposition does not rescue her bogus claims and remedies. It is merely an attempt to cut and paste arguments from a brief in another action (*Edwards v. Prudential*), without changing the claimant's name, to convince this Court her claims withstand Defendants' Motions. The inescapable conclusion is Plaintiff's arguments and claims (beyond those available under section 502(a)(1)(B)) are invalid as a matter of law. Plaintiff's allegations in her Complaint direct this result. Under section 502(a)(1)(B), Plaintiff contends Aetna wrongfully denied her disability benefits. (FAC, ¶ 20.) These same contentions underlie her section 502(a)(3) claim for equitable relief. (E.g., FAC, ¶ 28 A, D, E.)

Ignoring well established legal authority precluding her from asserting alternative relief, Plaintiff contends she can not be provided "complete relief" under section 502(a)(1)(B). To this end, and assuming Plaintiff is entitled to disability benefits, Plaintiff speculatively contends she

- 1 -

1  will "be placed back on claim subject to Aetna's further improper claims handling practices."
2  (Opposition, p. 6:9-10.) Consequently, Plaintiff contends she should be entitled to equitable relief.
3  However, to allow a claim under section 502(a)(3) under these circumstances would permit
4  Plaintiff to avoid the implications of section 502(a)(1)(B) by simply re-characterizing her claim
5  for benefits, a result which the United States Supreme Court expressly rejected.

6  The Ninth Circuit has already concluded on several occasions that jury trials are
7  impermissible under ERISA. This Court should dismiss and strike Plaintiff's legally deficient
8  claims, remedies and request for a jury trial.

## II.  LEGAL ARGUMENT

### A.  Because Adequate Relief Is Available Under Section 502(a)(1)(B), Plaintiff Cannot Also Seek Relief Under 502(a)(3)

Plaintiff's attempt to plead both a claim for plan benefits and equitable relief is precisely the type of action the United States Supreme Court rejected. In *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996), the Supreme Court held equitable relief under section 502(a)(3) is not appropriate if "Congress elsewhere provided adequate relief for a beneficiary's injury." The Court acknowledged section 502(a)(1)(B) "specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims ... *that runs directly to the injured beneficiary.*" *Varity Corp.*, 516 U.S. at 512 [Emphasis added]. Section 502(a)(1)(B) provides the exclusive remedy under ERISA for denied benefits. *Id.*

Section 502(a)(3) is a "safety net" offering appropriate equitable relief when there is **no** remedy available under section 502(a)(1)(B). *Id.* This does not mean ERISA section 502(a)(3) is a catchall provision authorizing all relief that may be thought to be consistent with ERISA's purposes, but is not explicitly provided elsewhere. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 221, fn. 5 (2002). Congress purposely limited the remedies available under ERISA, and therefore the Supreme Court has been especially reluctant to tamper with the enforcement scheme embodied in the statute by extending remedies not specifically authorized by its text. *Great-West v. Knudson, supra*, 534 U.S. at 209-10.

As also explained by the United States Supreme Court in *Mertens v. Hewitt Assocs.*, 508

- 2 -
DEFENDANTS' REPLY IN SUPPORT OF MOTION
TO DISMISS AND MOTION TO STRIKE                    Case No. 3:08-cv-03463 (MEJ)

U.S. 248, 252 (1993), "'[e]quitable' relief must mean something less than all relief." In *Mertens*, the Supreme Court rejected a reading of the statute extending the relief obtainable under section 502(a)(3) to whatever relief a court of equity is empowered to provide in the particular case at issue, which could include legal remedies that would otherwise be beyond the scope of the equity court's authority. Such a reading, the Court said, would "limit the relief not at all and "render the modifier ['equitable'] superfluous." Instead, *Mertens* held "equitable relief" in section 502(a)(3) must refer to "those categories of relief that were typically available in equity[.]"

The Ninth Circuit has followed this reasoning and concluded plaintiffs, like Fowler, cannot seek relief under section 502(a)(1)(B) and 502(a)(3). *Bowles v. Reade*, 198 F.3d 752, 760 (9th Cir. 1999) [holding plaintiff was not entitled to relief under § 502(a)(3) where relief she sought was provided by § 502(a)(2)]; *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997) [relief under [ERISA] section 502(a)(3) is not available when section 502(a)(1) provides an adequate remedy].

Other Ninth Circuit district courts, including this Court, have reached this conclusion. *Burke v. Pitney Bowes, Inc. Long-Term Disability Plan*, 2006 WL 13097 (N.D.Cal. 2006); *Delucchi v. Life Ins. Co. of N. America*, 2005 WL 146902 (N.D.Cal. 2005) ["[B]ecause [plaintiff] already has a remedy under § 1132(a)(1)(B) for her claim for benefits, she does not also have a claim under 29 U.S.C. § 1132(a)(3).]

### 1.   *Caplan, Ehrman* and *Finkelstein* Are Inapplicable And Not Controlling Authority

Plaintiff misplaces reliance on three cases from this Court, *Caplan v. CAN Short Term Disability Plan*, 479 F.Supp.2d 1108 (N.D. Cal. 2007) ("*Caplan*"), *Ehrman v. Standard Ins. Co.*, 2007 WL 1288465 (N.D. Cal. 2007) ("*Ehrman*"), and *Finkelstein v. Guardian Life Ins. Co.*, 2007 WL 4287329 (N.D. Cal. 2007) ("*Finkelstein*") to assert that her claims under section 502(a)(3) withstand dismissal. Plaintiff is wrong. These cases are not controlling because the Ninth Circuit has already ruled on this issue and each case is distinguishable from this action.

Moreover, Plaintiff and her counsel conveniently ignore other Ninth Circuit district court decisions and orders (involving plaintiffs represented by Plaintiff's counsel, Pillsbury & Levinson) rejecting Plaintiff's equitable claims, extracontractual "make whole" relief theory and request for

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

jury trial. *See Reynolds v. Fortis Benefits Ins. Co.,* 2007 WL 484782 (N.D. Cal. 2007); *Davison v. Hartford Life & Acc. Ins. Co.,* 2005 WL 807045 (N.D. Cal. 2005); *Fontana v. Guardian Life Ins. Co. of America,* 2008 WL 895700 (N.D. Cal. 2008); *see also Thomas v. UNUM Life Ins. Co of America,* USDC N.D. Case No. 3:04-cv-03283-MJJ [Order Granting Motion to Dismiss and Strike – dismissing plaintiff's breach of fiduciary duty cause of action under 502(a)(2) with leave to amend, dismissing plaintiff's equitable relief cause of action under 502(a)(3) with prejudice, striking plaintiff's demand for extracontractual "make whole" relief and striking jury demand].[1]

### a. *Caplan, Ehrman,* and *Finkelstein* Are Not Binding Precedent

*Caplan, Ehrman* and *Finkelstein* are not binding precedent. *Hart v. Massanari,* 266 F.3d 1155, 1170 (9th Cir. 2001) ["A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue, or with Supreme Court Justices writing for a majority of the Court." [Footnote omitted].

The Ninth Circuit has repeatedly concluded, following *Varity Corp. v. Howe, supra,* 516 U.S. 489 (1996), relief simply is not available under both section 502(a)(1)(B) <u>and</u> 502(a)(3). *Bowles v. Reade, supra,* 198 F.3d at 760; *Forsyth v. Humana, Inc., supra,* 114 F.3d at 1475. The Ninth Circuit followed the United States Supreme Court's ruling in *Varity, supra,* by stating: "The Supreme Court thus interpreted the [ERISA] statute to allow individual relief for a breach of fiduciary duty in an ERISA action only where no other adequate relief is available." *Forsyth, supra,* 114 F.3d at 1475. Under *Varity,* as adopted by the Ninth Circuit, equitable relief is allowed only when there is no available adequate remedy, not when the legal framework for obtaining that remedy is, to Plaintiff's mind, undesirable. The United States Supreme Court and Ninth Circuit controlling authority require dismissal of Plaintiff's Second Cause of Action with prejudice.

### b. *Caplan, Ehrman,* and *Finkelstein* Are Distinguishable From This Action

Putting aside, but not conceding, that *Caplan, Ehrman,* and *Finkelstein* are not controlling authority, each case is distinguishable. The *Caplan* plaintiff sued for both disability benefits and

---

[1] Defendants request this Court take judicial notice of the Order Granting Motion to Dismiss and Strike in *Thomas v. UNUM Life Ins. Co of America,* USDC N.D. Case No. 3:04-cv-03283-MJJ, and the State Court Complaint for Recovery of Employee Benefits; Breach Of Fiduciary Duty; Equitable Relief – Jury Trial Demanded in *Thomas v. UNUM Life Ins. Co of America,* filed on July 9, 2004 in Alameda County Superior Court, Case No. RG04-64867, which was removed to United States District Court, Northern District.

- 4 -

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

equitable relief seeking to remove Hartford as the plan administrator. *Caplan, supra,* 479 F.Supp.2d at 1110. However, unlike Fowler, the plaintiff in *Caplan* sought removal of Hartford as plan administrator because the plaintiff contended the medical reviewer was not independent and had a conflict of interest. *Id.* at 1112. The *Caplan* plaintiff sought removal of Hartford as plan administrator for a limited duration and requested an independent fiduciary be substituted. *Id.* at 1110. No similar allegations are made here. Aetna handles disability benefit claims; it is not the plan administrator. There are no allegations of conflict of interest by medical reviewers.

In *Ehrman*, the plaintiff sought a form of equitable relief unavailable under section 502(a)(1)(B) and related to the fiduciary's systematic unfair claims practices that allegedly affected an entire class of plan participants. *Ehrman, supra,* 2007 WL 1288465 at* 2. The court in *Ehrman*, although suspicious of the validity of plaintiff's claim for equitable relief under ERISA, did not dismiss at the pleadings stage, finding plaintiff had "allege[d] some form of self-dealing through the intentional adoption of biased claim practice and procedures relating to offsets which are systematically designed to increase the financial profitability of the Defendant." *Id.* at * 4. Defendants respectfully opine the *Ehrman* Court got it wrong on "self dealing," which prohibition falls under a different section of ERISA altogether, 29 U.S.C. § 1106(b). *See Reynolds, supra,* 2007 WL 484782 at *8, fn. 10.

Here, Plaintiff does not allege class wide claims mishandling. Instead, Plaintiff argues, without basis, the "buzz words" (biased claim practice and procedures, systematically, and beyond mere wrongful calculation of benefits) stated by the court in *Ehrman* and *Finkelstein* save her improper equitable relief claim. Plaintiff is wrong and other district courts in this Circuit have so held. Her pleading and Opposition brief speculation does not survive dismissal under United States Supreme Court and Ninth Circuit authority.

Not surprisingly, because the litigants in *Ehrman* and *Finkelstein* were represented by the same law firm (Pillsbury & Levinson) as Plaintiff Fowler, the plaintiff in *Finkelstein* "set forth allegations that go above and beyond the mere denial of benefits." *Finkelstein, supra,* 2007 WL 4287329 at * 4. The plaintiff in *Finkelstein* used the same "buzz words" ("systematically denies legitimate claims in an attempt to boost profits," "unreasonably fails to investigate the basis of

- 5 -

their denials of claim," "unreasonably failed to adopt, implement and apply reasonable or proper standards for investigating and processing claims") to avoid rejection of his equitable claim at the dismissal stage even though the *Finkelstein* court tipped its hand by stating "as in *Ehrman*, "it may turn out to be the case, even if Plaintiff ultimately proves a breach of fiduciary duty, that this Court concludes it is not appropriate to provide equitable relief beyond that provided for in § 1132(a)(1)(B) under the carefully integrated civil enforcement provisions that Congress enacted in ERISA." *Id.* at * 4, quoting *Ehrman, supra.*

Plaintiff's Second Cause of Action for equitable relief is simply a manufactured claim for breach of fiduciary duty, speculatively relying on a variation of the "buzz words." Plaintiff contends Aetna violated its alleged duties by "denying Plaintiff's claim for disability benefits, and related claims and/or similar claims." (FAC, p.5:27-28.) Plaintiff's averment to "related claims and/or similar claims" is baseless and irrelevant to her claim. Plaintiff alleges Aetna is liable for equitable relief because it, among other things, allegedly "delay[ed] the decision concerning Plaintiff's claim and related claims and/or similar claims," "fail[ed] to investigate all basis upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims" and "fail[ed] to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation, processing and adjudication of Plaintiff's claim, and related claims and/or similar claims." (See, e.g., FAC, ¶ 28, *et seq.*) Based on these speculative and conclusory allegations, Plaintiff contends she is entitled to disability benefits *indefinitely*. (FAC, p. 7:14-24 and p. 8:1-6) Plaintiff then seeks "judgment permanently enjoining Defendants from *ever serving* as a fiduciary with respect to the STD Plan and LTD Plan." (FAC, p. 7:25-26 [Emphasis added].)

Plaintiff's allegations negate her claim and fake need for equitable relief. In short, her action concerns the alleged mishandling of *Plaintiff's* own disability benefits, not some sort of systematic scheme by Defendants to deny all claims. Plaintiff cannot grossly inflate her claim and relief under section 502(a)(3), by simply attaching the phrase "and related claims and/or similar claims" to her allegations. Plaintiff's claim is for Defendants' alleged wrongful denial of her disability benefits. Nothing more. Her First Cause of Action addresses the alleged wrong. As such, her Second Cause of Action fails as a matter of law and must be dismissed.

- 6 -

This Court in *King v. Cigna Corp.*, 2007 WL 2288117 (N.D. Cal. 2007) recognized when a claim is in reality only one for disability benefits, a claim under section 502(a)(3) must fail. The *King* Court dismissed a claim for breach of fiduciary duty under 502(a)(3) because the plaintiff's claim was premised solely on the purported mishandling of her benefits claim. The plaintiff claimed that the defendants breached their duties by "failing properly to investigate and administer plaintiff's claim for disability benefits, by failing to provide a full and fair review of plaintiff's appeal of the denial of her benefits and by failing to administer the Plan in accordance with the purposes of the Plan and for the exclusive benefit of its beneficiaries." *King, supra,* 2007 WL 2288117 at * 12. *King* disagreed, stating, "The Ninth Circuit instructs that a 'fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA.'" *Id.,* citing *Ford v. MCI Communications Corp. Health and Welfare Plan,* 299 F.3d 1076, 1082 (9th Cir. 2005).

The drastic relief Plaintiff seeks is precisely the type of gamesmanship the United States Supreme Court sought to prevent in *Varity* and its progeny. Responding to the suggestion "lawyers will complicate ordinary benefit claims by dressing them up in "'fiduciary duty' clothing" and "characterize a denial of benefits as a breach of fiduciary duty," the Supreme Court stated "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be *no need for further equitable relief,* in which case such relief normally would not be 'appropriate'." *Varity, supra,* 516 U.S. at 514, 515 [Emphasis added].

The civil enforcement provision of ERISA under 502(a)(1)(B) specifically governs Plaintiff's claim "to clarify his rights to future benefits under the terms of the plan." In other words, clarification for rights for future benefits is a matter addressed by section 502(a)(1)(B), not 502(a)(3). *Egashira v. Boeing Co.,* 16 Fed.Appx. 808 (9th Cir. 2001) ["Because employees potentially had a remedy under § 502(a)(1)(B) of ERISA - allowing a civil action by a participant or beneficiary to recover benefits due or clarify rights to future benefits - they were not entitled to an injunction or other equitable relief under § 502(a)(3) [Citations omitted]."]

This Court should dismiss Plaintiff's Second Cause of Action for equitable relief and strike her request seeking to prohibit Defendants from evaluating Plaintiff's benefits claim, which is

- 7 -

directly contra to Aetna's contract (disability plan) with Plaintiff's employer.

### 2. Plaintiff's Reliance on "*Edwards*" Indicates Her Action Is Purely A Claim for Disability Benefits Under Section 502(a)(1)(B)

Plaintiff also attempts to rely on a case, *Edwards v. Prudential, et al*, currently being litigated by counsel for Defendants and Plaintiff. Defendants separately filed Objections to Plaintiff's Request for Judicial Notice, which seeks to present an order from *Edwards*.

Citing *Edwards*, Plaintiff contends the "Northern District rejected the identical arguments made by Defendants' counsel (Gordon & Rees LLP) in another ERISA action." (Opposition, p. 5:20-21.) However, Plaintiff then confuses this action with Edwards, by stating "Edwards' Complaint does not merely assert an erroneous denial of benefits. Instead it asserts that Aetna has a pattern and practice of denying legitimate claims in order to boost profits." (Opposition, p. 6:2-4.) Plaintiff here is Elizabeth Fowler, not Edwards. Aetna is not a defendant in *Edwards*. Plaintiff Fowler's reference to Edwards and conduct by Aetna is inaccurate, irrelevant, yet also, telling. Evidently (see *Ehrman, Finkelstein, Edwards* and now, *Fowler*), Plaintiff's counsel baits those same, conclusory, speculative "buzz word" allegations on every line in an effort to get some court to bite. The United States Supreme Court and controlling Ninth Circuit authority command otherwise and Plaintiff's Second Cause of Action must be dismissed.

### B. Plaintiff Cites No Authority, Because There is None, To Support Her "Make Whole" Relief Theory

Plaintiff's "make-whole" argument is without merit. Plaintiff argues entitlement to "make-whole" relief so she can be redressed for "the consequential economic harm" Plaintiff contends she has endured. (Opposition, p. 6:21-22.) Seeking judicial creationism, Plaintiff asks this Court to act where Congress has not. There is no authority for Plaintiff's proposition. Thus, she requests judicial notice of, and seeks to rely on, an irrelevant (and subject to Defendants' proper objection) United States Solicitor General and Department of Labor *amicus* brief in *Aetna Health, Inc. v. Davila,* 542 U.S. 200 (2004). (Opposition, p. 7:11-14.) The parties agree the *Davila* court "did not reach the issue of 'make-whole' relief." (Opposition, p. 7:20.)

It is beyond this Court's power to allow relief beyond that which is authorized under ERISA.

- 8 -

The United States Supreme Court has not extended such relief to claimants beyond the statute: "ERISA is a comprehensive and reticulated statute," whose "carefully crafted and detailed enforcement scheme provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) [internal cites and quotes omitted]. Courts must be "especially reluctant to tamper with the enforcement scheme embodied in the statute by extending remedies not specifically authorized by its text." *Id.* [internal quotes omitted].

The United States Supreme Court rejected "make-whole" relief under ERISA section 502(a)(3). This Court must do the same and strike Plaintiff's claim for relief beyond that which is authorized by ERISA statute. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987); *see Newman v. Standard Ins. Co.*, 997 F.Supp. 1276, 1281 (C.D. Cal. 1998) [allowing far reaching discovery regarding plaintiff's claim for benefits would "completely frustrate" ERISA's purpose of resolving benefit disputes inexpensively and expeditiously]. Plaintiff's action is for recovery of benefits, if she prevails. Nothing more.

### C. Plaintiff Is Not Entitled To A Jury Trial For Her ERISA Claim

Plaintiff cites no authority - because none exists – for her right to a jury trial. The Ninth Circuit holds a litigant is not entitled to a jury trial in an action brought pursuant to Section 502(a) of ERISA. *Spinelli v. Gaughan*, 12 F.3d 853, 858 (9th Cir. 1993). This holding was reaffirmed in *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991 (9th Cir. 2000). Plaintiff mistakenly relies on *Great-West Life & Annuity Co. v. Knudson*, 534 U.S. 204 (2002) ("*Great-West*"), which held legal relief is not available to remedy conduct actionable under ERISA section 502(a)(3). *Great-West* expressly declined to reach further conclusions about the relief available to an ERISA litigant, and limited its holding to the question of whether section 502(a)(3) permits legal relief. *Great-West, supra*, 534 U.S. at 220-221. Other Ninth Circuit district courts that have considered Plaintiff's argument have rejected it outright. *See Davison, supra*, 2005 WL 807045, at *1 & n.3; *Delucchi v. Life Ins. Co.*, No. 04-3554, 2005 WL 146902, at *3 (N.D. Cal. Jan. 21, 2005).

///

///

### III. CONCLUSION

This Court should grant Defendants' Motion to Dismiss Plaintiff's Second Cause of Action, and Motion to Strike portions of Plaintiff's First Amended Complaint, including Plaintiff's request for injunctive relief under her First Cause of Action, which seeks to prohibit Defendants from terminating her benefits, extracontractual damages, and a jury trial.

DATED: September 4, 2008

GORDON & REES LLP

By: /s/ Ronald K. Alberts
Ronald K. Alberts
Tad A. Devlin
Elizabeth B. Vanalek
Attorneys for Defendants
AETNA LIFE INSURANCE COMPANY, THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. STD PLAN AND THE PARSONS BRINCKERHOFF GROUP ADMINISTRATION, INC. LONG TERM DISABILITY PLAN

5921011