IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FOWLER,<br><br>    Plaintiff,<br><br>  v.<br><br>AETNA LIFE INSURANCE COMPANY;<br>THE PARSONS BRINCKERHOFF<br>GROUP ADMINISTRATION, INC.<br>SHORT TERM DISABILITY PLAN; THE<br>PARSONS BRINCKERHOFF GROUP<br>ADMINISTRATION, INC. LONG TERM<br>DISABILITY PLAN; and DOES 1 through<br>20, INCLUSIVE<br><br>    Defendants.<br>_____/ | No. C 08-03463 WHA<br><br><br>**ORDER (1) GRANTING<br>DEFENDANTS' MOTION TO<br>STRIKE (2) DENYING<br>DEFENDANTS' MOTION TO<br>DISMISS AND (3) DENYING<br>PLAINTIFFS' REQUEST FOR A<br>JURY TRIAL** |

**INTRODUCTION**

In this action brought under the Employee Retirement Income Security Act, 29 U.S.C. 1001 et seq., defendants move to dismiss certain portions of the complaint and move to dismiss plaintiff's second claim brought under ERISA Section 502(a)(3), 29 U.S.C. 1132(a)(3). Defendants also request that plaintiff's request for a jury trial be denied. For the reasons stated below, defendants' motion to strike is **GRANTED**, defendants' motion to dismiss is **DENIED**, and plaintiff's request for a jury trial is **DENIED**.

**STATEMENT**

Plaintiff Elizabeth Fowler was employed as a transportation specialist for defendant Parsons Brinckerhoff and was a participant in their temporary disability and long-term disability

1  plans. Both plans were insured by defendant Aetna Life Insurance Company who also served
2  as the plan administrator. While still enrolled in the plans, Fowler alleges that she became
3  disabled as a result of lumbar disc disease. She then submitted a claim for benefits to Aetna
4  which subsequently denied the claim. According to the complaint, the denial was made
5  "without conducting any reasonable or thorough investigation and without any evidence or
6  information that [Fowler's] conditions had improved to allow a return to gainful employment"
7  (Compl. ¶ 10). The decision was appealed and Aetna upheld its denial.

8  The complaint alleges two claims. The first is for recovery of past and future benefits
9  under the ERISA Section 502(a)(1)(B). The second is for equitable relief as to each defendant
10 under ERISA Section 502(a)(3). Fowler has also requested a jury trial. Defendants now move
11 to dismiss the second claim in its entirety and move to strike the first claim as it relates to future
12 benefits. Defendants also request that Fowler's demand for a jury trial be stricken.

**ANALYSIS**

**1.  MOTION TO STRIKE.**

15  Pursuant to a motion under Rule 12(f), "the court may order stricken from any pleading
16 any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule
17 12(f) is a means by which to "avoid the expenditure of time and money that must arise from
18 litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H.*
19 *Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

20  As part of her request for benefits under ERISA Section 502(a)(1)(B), Fowler "seeks a
21 declaration as to her entitlement to future benefits, to wit: and injunction prohibiting Defendants
22 from terminating her benefit until the end of the maximum benefit period or such other
23 declaration the Court deems proper" (Compl. ¶ 22). Fowler also alleges that she has suffered
24 emotional distress as a result of defendants' actions (*id*. at 14). Defendants move to strike these
25 portions of the complaint because any injunction prohibiting defendants from terminating her
26 benefit payments is inappropriate and because recovery of emotional distress damages under
27 ERISA is prohibited. Defendants highlight that even if Fowler was and currently is disabled
28 that her disability could later disappear or fade thereby no longer making her disabled. The

Ninth Circuit has also recognized that emotional distress damages are precluded under ERISA. *See Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1009 (9th Cir. 1998)("The Basts' ERISA claims are for loss of Rhonda Bast's chance of survival, for out of pocket costs, loss of income, loss of consortium, and emotional distress. These claims all seek extracontractual or compensatory damages which are not recoverable under ERISA. Thus, for these claims, ERISA provides no remedy.") In her opposition, Fowler fails to even address these issues or to cite to any persuasive authority to the contrary. Accordingly, defendants' motion to strike is **GRANTED**.

### 2. MOTION TO DISMISS.

On a motion to dismiss, a district court must accept all well-pled allegations of the complaint as true, but the district "court may look beyond the plaintiff's complaint to matters of public record." *Shaw v. Hahn*, 56 F.3d 1128, n.1 (9th Cir. 1995). A complaint should not be dismissed unless it is clear that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Even if the chance of recovery is remote, a court must allow a plaintiff the opportunity to develop a case. Dismissal is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).[1]

Defendants argue that Fowler's request for relief under Section 502(a)(3), 29 U.S.C. 1132(a)(3), is inappropriate because Section 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), provides an adequate remedy for her alleged violations of ERISA. Section 502(a)(3) provides that a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Section 502(a)(1)(B) allows a plaintiff to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

---

[1] Unless indicated otherwise, internal citations are omitted from all quoted authorities.

3

In *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Supreme Court addressed the issue of when an ERISA plaintiff could seek relief under Section 502(a)(3). It held that Section 502(a)(3) authorized lawsuits for individualized equitable relief for breach of fiduciary obligations, stating that Section 502(a)(3) operated as a "catchall" provision "offering appropriate equitable relief for injuries caused by violations that [Section] 502 does not elsewhere adequately remedy." *Id*. at 512. The decision further elaborated:

> [T]he statute authorizes "appropriate " equitable relief. We should expect that courts, in fashioning "appropriate" equitable relief, will keep in mind the "special nature and purpose of employee benefit plans," and will respect the "policy choices reflected in the inclusion of certain remedies and the exclusion of others." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate."

*Id*. at 515. Soon after *Varity*, the Ninth Circuit explained in *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997):

> The Supreme Court thus interpreted the statute to allow individual relief for a breach of fiduciary duty in an ERISA action only where no other adequate relief is available.
>
> The Court distinguished *Massachusetts Mut. Life Ins. v. Russell*, 473 U.S. 134, 144 (1985), which had interpreted [Section 502(a)(3)] to allow recovery for breach of fiduciary duty only where the relief is sought on behalf of the entire plan. Other than the fact that it had interpreted a different subsection of the statute, one of the factors which distinguished *Russell* was that another remedy, [Section 502(a)(1)], already provided specific relief for the sort of injury suffered in that case.
>
> In the present case, the Co-Payors seek to recover individual relief under [Section 502(a)(3)] for Humana Insurance's breach of fiduciary duty. But the Co-Payors have already won a judgment for damages under [Section 502(a)(1)] for the injuries they suffered as a result of the defendant's actions. The district court determined, and we agree, that the Co-Payors are entitled to recover, in the form of damages pursuant to their claim under [Section 502(a)(1)], all amounts they were forced to pay over and above their contractual co-payment obligation.
>
> In these circumstances, *Varity Corp*. does not authorize equitable relief under the catchall provision of [Section 502(a)(3)]. Equitable relief under [Section 502(a)(3)] is not "appropriate" because [Section 502(a)(1)] provides an adequate remedy in this case.

4

The question therefore hinges on whether Section 502(a)(1) provides an "adequate" remedy for Fowler's claims. In this regard, this order first reviews the allegations in the complaint. Fowler alleges that "defendants breached their fiduciary duties by misapplying, misinterpreting, and/or ignoring relevant provisions of the [plans] . . ." (Compl. ¶ 29). Fowler also requests an injunction prohibiting defendants from (*ibid.*):

> denying benefits based upon an interpretation of "total disability" different from that required under applicable law and the [plans], including the requirement that a claimant be unable to work with reasonable continuity in the usual and customary; and from obtaining input from biased medical consultants who are not appropriately trained and experienced in the conditions that are the subject of the claim.

Fowler maintains that she is entitled to the above-stated equitable relief because defendants: (i) "delay[ed] the decision concerning Plaintiff's claim and related claims and/or similar claims;" (ii) "fail[ed] to investigate all basis upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims;" and (iii) "fail[ed] to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation, processing and adjudication of Plaintiff's claim, and related claims and/or similar claims" (*id*. at ¶ 28). Fowler also seeks an injunction to remove all defendants from serving in any type of fiduciary role as related to the disability plans (*id*. at ¶ 30). According to Fowler, these allegations do not merely assert an erroneous denial of benefits, but instead assert that Aetna has a pattern and practice of denying legitimate claims in order to boost profits thereby entitling Fowler to further relief under Section 502(a)(3).

Significantly, three other recent decisions in this district have dealt with similar allegations. In *Caplan v. CNA Short Term Disability Plan*, 479 F.Supp.2d 1108 (N.D. Cal. 2007)(Wilken, J.), the plaintiff alleged that the defendants had breached their fiduciary duties under the plan by failing to adequately review his disability claim and by creating a fundamental conflict of interest by selecting a biased plan administrator to boost revenues. Under Section 502(a)(3), the plaintiff requested a declaration that a fiduciary duty was breached and an injunction removing the claims administrator from the plan. In denying defendants' motion to dismiss the Section 502(a)(3) claim, Judge Claudia Wilken found that based on the

5

allegations in the complaint there was a possibility that the plaintiff was entitled to relief under Section 502(a)(3) and that it would simply be too premature at the Rule 12(b)(6) stage to dismiss the claims. The decision expressly deferred judgment on what relief would be appropriate for a future time: "[a]t this early date in the case, the Court will not address the issue of what equitable relief under [Section 502(a)(3)] would be appropriate." *Id*. at 1113.

In *Ehrman v. Standard Ins. Co.*, 2007 WL 12884665, *4–5 (N.D. Cal. 2007)(Jenkins, J.), the plaintiff alleged "some form of self-dealing through the intentional adoption of biased claim practice and procedures relating to offsets which are systematically designed to increase the financial profitability of the Defendant" and sought equitable relief under Section 502(a)(3). The defendant moved to dismiss the Section 502(a)(3) claim. Judge Martin Jenkins denied the motion stating:

> The Court does not read [*Forsyth*] to stand for the broad proposition that a Plaintiff may not seek relief under [Section 502(a)(3)] merely because he or she has also pleaded a claim under [Section 502(a)(1)(B)] and/or other ERISA remedial sections. Indeed, reading such a bright-line rule into [*Forsyth*] would run contrary to the Supreme Court's recognition in Varity that even where Congress has fashioned a remedial provision for a class of injury, there may still be circumstances where additional equitable relief under [Section 502(a)(3)]'s "catch-all" provision is appropriate.
>
> Under these circumstances, the Court is not able to conclude at the pleadings stage that equitable relief that Plaintiff seeks under [Section 502(a)(3)] for breach of fiduciary duty is entirely foreclosed . . . . Accordingly, it may turn out to be the case, even if Plaintiff ultimately proves a breach of fiduciary duty, that this Court concludes it is not appropriate to provide equitable relief beyond that provided for in [Section 502(a)(1)(B)] under the carefully integrated civil enforcement provisions that Congress enacted in ERISA.

*Id*. at *5. Similarly, in *Finkelstein v. Guardian Life Ins. Co. America*, 2007 WL 4287329 (N.D. Cal. 2007), Judge Charles Breyer rejected the defendant's arguments that any claim for relief under Section 502(a)(3) was barred because the plaintiff's allegations extended beyond a mere denial of individual benefits. Rather the plaintiff alleged that the defendant: (i) "systematically denies legitimate claims in an attempt to boost profits;" (ii) "unreasonably fails to investigate the basis of their denials of claims;" and (iii) "has unreasonably failed to adopt, implement and apply reasonable or proper standards for investigating and processing claims." *Id*. at *4.

6

This order agrees with *Caplan*, *Ehrman*, and *Finkelstein*. At this early stage in litigation, any dismissal would be premature. Without a more fully-developed record, no one in this action is yet in a position to determine what, if any, equitable relief Fowler may be entitled to or whether or not Section 502(a)(1) provides her with adequate relief for any wrong. Accordingly, Fowler's Section 502(a)(3) will remain intact for now, keeping in mind the Supreme Court's express admonishment that "courts, in fashioning 'appropriate' equitable relief, will keep in mind the 'special nature and purpose of employee benefit plans,' and will respect the 'policy choices reflected in the inclusion of certain remedies and the exclusion of others.'" *Varity Corp.*, 516 U.S. at 515 (*quoting Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)). Defendants' motion to dismiss Fowler's Section 502(a)(3) claim is therefore **DENIED**.

### 3. DEMAND FOR JURY TRIAL.

Defendants next ask that Fowler's demand for a jury trial be rejected. The Ninth Circuit has been clear in stating, "plan participants and beneficiaries are not entitled to jury trials for claims brought under, or preempted by, section 502 of ERISA." *Thomas v. Oregon Fruit Products Co.*, 228 F.3d 991, 996 (9th Cir. 2000). Fowler contends that *Thomas*, and other decisions like it, were overtured by the Supreme Court in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002). Not so. In *Great-West*, the Supreme Court held that an action grounded on the imposition of a personal contractual obligation to pay money was fundamentally legal in nature and could not be brought under Section 502(a)(3). The Supreme Court did not address any issue pertaining to the right to a jury trial under ERISA. This order therefore follows established Ninth Circuit authority and **DENIES** Fowler's request for a jury trial.

### CONCLUSION

For the above-stated reasons stated below, defendants' motion to strike is **GRANTED**, defendants' motion to dismiss is **DENIED**, and plaintiff's request for a jury trial is **DENIED**. Counsel are advised to review the Court's recent decision in *Walker v. Metropolitan Life*

7

*Insurance Co.*, Case No. 07-03772 (Dkt. 51). Plaintiff's counsel is informed, however, that the Court will not issue its own interrogatory. Counsel should be diligent in conducting discovery on all issues presented.

**IT IS SO ORDERED.**

Dated: November 13, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8